## BRADLEY *v.* STATE.

(Division B. Dec. 31, 1923.)

[98 South. 458. No. 23684.]

1. INTOXICATING LIQUORS. *Omission of word "feloniously" from instruction defining offense not error.*

   In a prosecution for making or manufacturing intoxicating liquors, the omission of the word "feloniously" from an instruction defining the offense is not error, since the statute prohibiting the manufacture of such liquors fixes the grade of the offense, as a felony, and under no circumstances can it be a misdemeanor.

2. SEARCHES AND SEIZURES. *Affidavit for search warrant held sufficiently to describe place to be searched.*

   Under section 23 of the Constitution of 1890, providing that "no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched," any description of the place to be searched that will enable the officer to locate it definitely and with certainty is sufficient, and an affidavit for a search warrant which describes the place to be searched as "a certain room or building and all outhouses occupied by James or Zeke Bradley situated in Forrest county, Mississippi," is sufficient.

3. CRIMINAL LAW. *On trial for manufacturing, evidence of sales for which defendant acquitted inadmissible.*

   On the trial of one indicted for manufacturing intoxicating liquor, it is reversible error to admit evidence of a sale of intoxicating liquor by the defendant, where he had been previously tried and acquitted of the alleged sale.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Zeke Bradley, *alias* James Bradley, was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

*Davis & Hill,* for appellant.

The state's instruction is erroneous. It does not instruct the jury that before appellant can be convicted the state must prove that he "feloniously" made intoxicating liquor. The omission of the word "feloniously" from the instruction is fatal as the felonious intent is an essential element of the crime. Nor is the error cured by any of the instructions given the appellant, as none of them charged the jury on this point.

The court also erred in permitting the witness Gray to testify that he had bought whisky from appellant. It would not have been admissible had appellant never been tried for said sale, but after he had been acquitted by the jury on the very same charge, on the testimony of the said Gray, it was so highly prejudicial to appellant to admit proof of said crime that the question needs no argument. It is difficult to understand upon what theory the court permitted proof to be made of another and distinct crime. The reasons why it is not permissible to prove against the accused separate and distinct crimes are well stated in *King* v. *State,* 66 Miss. 502, 8 So. 188, as follows: "After the state had proved distinctly one unlawful sale it was error to admit testimony of other and different sales. The general rule is that the issue on a criminal trial shall be single, and that the testimony must be confined to the issue, and that on a trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses. Whart. Crim. Ev. 104; 1 Bish. Crim. Proc. 1120, et seq. The reason and justice of the rule is apparent, and its

observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and, while the accused may be able to meet a specific charge, he cannot be prepared to defend against all other· charges that may be brought against him. To permit such evidence, says Bishop, 'Would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet.' 1 Bish. Crim. Proc. 1124.''

And, the reasons why proof of other crimes is not admissible, as given in *King* v. *State, supra,* have been approved by this court in the following additional decisions: *Kearney* v. *State,* 68 Miss. 233, 8 So. 292; *Cook* v. *State,* 81 Miss. 146, 32 So. 312; *Smothers* v. *Jackson,* 92 Miss. 327; *Page* v. *State,* 105 Miss. 536, 62 So. 360, 45 So. 982; *Collins* v. *State,* 99 Miss. 52, 54 So. 666; and the comparatively recent case of *Lowe* v. *State,* 90 So. 78, in which we appeared as counsel for appellant in this honorable court, and in the opinion of which case all the above and prior decisions are cited and approved. We repeat that it was so manifestly prejudicial to appellant to permit proof of a sale of whisky by him, especially after he had been acquitted thereof, as to deny him a fair trial.

A motion was made to exclude the testimony of the officers because the facts testified by them were obtained under void search warrant proceedings—First, because the description in the affidavit and warrant was insufficient to describe the premises to be searched. The parts of the still introduced were inadmissible because the warrant did not authorize the seizure of any still, but only such intoxicating liquor and appliances as might be found. The authorities are unanimous in holding that only those things may be seized that are named in the warrant. The requirements being that the ''thing'' to be

seized shall be "particularly" described, it logically fol-
lows that only those things may be seized that are "par-
ticularly" described.

The justice of the peace issuing the warrant made it
returnable *instanter,* instead of making it returnable at
a day not less than five days thereafter. Search warrant
proceedings being in derogation of the common law, and
being criminal proceedings, must be strictly construed.
Here we have the justice of the peace violating a plain
mandate of the statute. See Code 1906, sec. 1749 Hem-
ingway's Code, section 2088, *J. Livelar & Company* v.
*State,* 53 So. 681; *U. S.* v. *Franzione,* 286 Fed. 771, and
other authorities. Therefore, the still and liquors having
been wrongfully seized were inadmissible against the de-
fendant.

The affidavit for the search warrant was made on in-
formation and belief. No hearing was had by the mag-
istrate to determine whether probable cause existed for
the issuance of the warrant, and no facts were set forth in
the affidavit showing upon what the affiant based his in-
formation and belief that intoxicating liquors were being
kept by appellant so that the magistrate might determine
therefrom whether probable cause existed for the is-
suance of the writ. A majority of the courts hold that
the determination of "probable cause" is a judicial act,
resting solely in the officer having the authority under the
law to issue the warrant, and cannot be delegated to the
person making the affidavit, and that a law which au-
thorizes the issuance of a warrant merely on an affidavit
based on information and belief of the party making it
violates the constitutional requirement that search war-
rants shall issue only on probable cause, supported by
oath or affirmation. *Reg* v. *Walker,* 13 Ont. Rep. 83; *Rex*
v. *Kehr,* 11 Ont. L. Rep. 517, 6 Ann. Cas. 612; *State ex rel.
Register* v. *McGahey,* 12 N. D. 535, 97 N. W. 865, 1 Ann.
Cas. 650, 14 Am. Crim. Rep. 283; *Lippman* v. *People,* 175
Ill. 101, 51 N. E. Rep. 872. The notes in *State* v. *Mc-*

*Gahey, supra,* 1 Ann. Cas. 650, say that a later North Dakota case upholds the McGahey case, to-wit: *State* v. *Patterson* (1904), 99 N. W. 67, and that both cases are supported by the case of *White* v. *Wager,* 83 Ill. App. 592, affirmed 185 Ill. 195, holding that where the requirement under constitutional or statutory provisions is that a search warrant shall issue only upon probable cause, the affidavit, oath or affirmation must show probable cause arising from facts within the knowledge of the affiant, or must exhibit facts upon which his belief is based, as mere belief alone is insufficient. See also *State* v. *Peterson* and *State* v. *Ramano* (Wyoming), A. L. R. 13, page 1284, in which the subject is exhaustively treated, and the authorities, *pro* and *con* the proposition are discussed. The Peterson and Romano cases hold that an affidavit based on information and belief is insufficient to support an application for a search warrant.' See also *Dukes* v. *Commonwealth* (Ky.), 244 S. W. 703, holding that the affidavit must state facts, and not conclusions; also *Caudill* v. *Commonwealth,* 249 S. W. 1005 (Ky.); also *Wiggins* v. *State* (Wyo.), 206 Pac. 373; *De Graff* v. *State,* 2 Okla. Crim. Rep. 519, 103 Pac. 538; *Kinsel* v. *Ham,* 39 Okla. 623, 49 L. R. A. (N. S.) 770, 136 Pac. 427; *Chipman* v. *Bates,* 15 Vt. 51, 40 Am. Dec. 663.

The federal courts, in construing the law, have unanimously held that the finding of the legal conclusion or of probable cause from the exhibited facts is a judicial function, and it cannot be delegated by the judge to the accuser. *U. S.* v. *Kaplan,* 286 Fed. 969, citing *Veeder* v. *U. S.,* 252 Fed. 414, 164 C. G. A. 338 (C. C. A. Seventh Cir.) *certiorari* by defendant denied by United States Supreme Court, 246 U. S. 675, 38 Sup. Ct. 428, 62 L. Ed. 933. See also *U. S.* v. *Borkowski* (D. C.), 268 Fed. 410; *U. S.* v. *Kelih* (D. C.), 272 Fed. 484; *Central Consumers Company* v. *James* (D. C.), 278 Fed. 249; *Queck* v. *Hawker* (D. C.), 282 Fed. 942; *Giles* v. *U. S.,* 284 Fed. 214 (C. C. A. first Cir.). See also *U. S.* v. *Inelli,* 286 Fed. 731; *Ganci* v. *U.*

*S.,* 287 Fed. 60; *U. S.* v. *Ilig,* 288 Fed. 939; *Lipzchutz* v. *Davis,* 288 Fed. 974; *Atlantic Food Products Corp.* v. *Mc-Clure,* 288 Fed. —; *U. S.* v. *Harnich,* 288 Fed. 256; *U. S.* v. *Dziadus,* 289 Fed. 837; *U. S.* v. *Kykowski,* 267 Fed. 866; *U. S.* v. *Friedman,* 267 Fed. 856.

There is nothing contained in any of the decisions of our own court so far as we have been able to discover, antagonistic to the views and authorities cited above. In *Quintini* v. *State,* 76 Miss. 498, which was a case that dealt with the sufficiency of an affidavit charging a misdemeanor, the court held that while a person may be arrested only on probable cause, still probable cause in law is a charge of crime made on oath, without regard to the fact whether the oath is made on personal knowledge or upon information and belief merely; that by the common law certain officers made information without oath, and such unsworn information was probably caused by that law. And while we are unwilling to admit the correctness of said holding, still that case is based on the ruling made in the case of *Coulter* v. *State,* 75 Miss. 356, which likewise dealt with the sufficiency of an affidavit charging a misdemeanor.

*S. C. Broom,* Assistant Attorney-General, for the state.

The second assignment of error is that the court erred in granting the state's only instruction. This instruction is found on page 8 of the record, and charges the jury that if they believe from the evidence beyond a reasonable doubt that the defendant did make or distil intoxicating liquor, or if they believe beyond a reasonable doubt that he aided or abetted, or in any way assisted in making intoxicating liquor as charged, etc.

The indictment charges that he did unlawfully and feloniously make intoxicating liquors. It is, of course, well settled that to arrive at a proper meaning of the several instructions given all the instructions must be considered together. 65 So. 498.

But the error as alleged in this case is that this instruction does not charge that it was feloniously done. However, it does say "as charged," and the indictment shows that it was feloniously done. This reference to the indictment would of itself cure the alleged error, if as a matter of fact it was error, but we maintain that the use of the word "felonious" in this instruction would have been mere surplusage, because it was not left for the jury to say whether or not it was feloniously done, that part of it is fixed by statute.

It is a felony to make intoxicating liquor in Mississippi, and it cannot under any circumstances be a misdemeanor. There are no degrees of crime in this case, hence the circumstances under which it is made is not a question to be determined by the jury. The sole issue is, did he make it, and if so then the statute says he has committed a felony.

The next assignment of error is that the court erred in permitting the state to prove the sale of whisky made to witness Gray. This came about in the following manner: The appellant testified in his own behalf that he left home early in the morning to go to Hattiesburg, and it was while he was away that this search was made. He says that this still, the whisky, mash and all of the equipment was evidently brought to his house in his absence and placed in the smoke house, and he intimates that it was a negro who brought it there.

On cross-examination he said that this negro's name is Joe Stinslo. He says too, that this negro lives six or eight miles from him. He swore that he did not deal in whisky, and he denied that he had prior thereto brought whisky into the city and sold it. He denied that he had sold any whisky to Mr. Gray.

The state laid the predicate to this rebuttal testimony by asking the defendant these two questions, and when the defendant had rested the state introduced Henry Gray in rebuttal. He testified to having bought whisky from this defendant on another occasion prior to the time

when this raid was made. Then it was that counsel for defendant cross-examined this witness and brought it out that the defendant had been tried for this very sale. The witness testified that he had been acquitted by a jury but that, of course, was beneficial rather than harmful in this case, because by so doing they were enabled to discount the testimony of this witness for the state.

The fourth and fifth assignments of error are directed at the question of search and seizure, and the law pertaining to the same. It has, of course, been well settled in this state that evidence obtained without a search warrant is inadmissible on the trial of the case, as was held in the case of *Tucker* v. *State,* 90 So. 845, which rule has since been followed in many other cases. But in this case there was a search warrant, but it is contended that the description of the premises to be searched was insufficient. The answer to that is that the description was sufficient to enable the officers to find the place, to make the search and to discover the still in operation, and being sufficient for this it was sufficient for the purpose intended, and this appellant suffered no injury because of an improper description of the premises.

It is next contended that this is a void proceeding because the warrant was made returnable *instanter* instead of a day not less than five days thereafter, as provided by section 2088 of Hemingway's Code.

There is no merit in this contention because section 2088 of Hemingway's Code was adopted at a time when under some circumstances intoxicating liquor possessed the characteristics of property rights. At the present time there is no property right in it. It must now be construed in keeping with subsequent progressive legislation on the subject. There is no longer a civil right involved, hence there is no longer any necessity for five days' notice.

COOK, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Forrest county of manufacturing intoxicating liquor, and sentenced to the penitentiary for a period of eight months, and from this conviction and sentence this appeal was prosecuted.

The sheriff of the county and his deputies secured a search warrant for the purpose of searching the home of appellant for intoxicating liquor; the description of the premises to be searched being as follows:

"A certain room or building and all outhouses occupied by James or Zeke Bradley, situated in Forrest county, Miss."

The officers proceeded to the residence of the appellant, and, not finding him at home, they served a copy of the warrant on appellant's wife, and proceeded to make a search of the premises. A small boy about twelve years of age, the son of appellant, was seen to come out of a smokehouse in the yard with a tin bucket in which there was some homemade whisky. On searching this smokehouse they found a still in operation, with whisky running therefrom and pouring on the ground. They took into their possession the still and about three quarts of whisky. The officers reached the home of appellant about eleven o'clock, and in an hour or two thereafter the appellant returned to his home in his wagon, and, upon being confronted with the evidence of the crime, denied all knowledge thereof, denied that he had anything to do with bringing the still there, setting it up, or in its operation. He claimed that he left home at five o'clock that morning for the purpose of hauling a load of wood to the city of Hattiesburg, seven or eight miles away, and stated that a negro must have brought the still to his place. He so testified on the witness stand, and stated that the negro who brought the still to his place was named Joe Stinslo.

On cross-examination of the defendant at the trial he was asked if he had not sold whisky to one Henry Gray a few days before the discovery of this still at his place. This he vigorously denied, and then it was developed in the testimony that an affidavit had been made against him in the justice court charging him with a sale of intoxicating liquor to Gray, and that he had been tried on this charge and acquitted by a jury. Thereupon Henry Gray was introduced as a witness for the state in rebuttal, and he was permitted to testify, over the objection of the defendant, that he had bought whisky from the appellant shortly before the still was discovered, notwithstanding the fact that he (Gray) admitted that the appellant had been tried in the justice court on the charge of selling the whisky about which he was testifying, and had been acquitted of the charge.

The appellant assigns as error the omission of the word "feloniously" from the only instruction granted the state. By statute it is a felony to make or manufacture intoxicating liquor in this state, and under no circumstances can it be a misdemeanor. The only fact to be determined by the jury was whether the appellant participated in the manufacture of the whisky, and, that fact being determined, the statute fixes the grade of the offense, and consequently there was no error in omitting this word in the instruction.

It is next argued that the affidavit and search warrant were illegal—first, because they and each of them failed to sufficiently designate and point out the place to be searched; second, because the search warrant was returnable at an earlier day than five days after its issuance; third, that section 1749, Code of 1906 (section 2088, Hemingway's Code), is violative of section 23 of the Constitution, for the reason that it does not require a hearing before the justice of the peace to determine whether probable cause existed for the issuance of the warrant, and does not require that facts be set forth in the affidavit showing upon what the affiant based his information and belief that intoxicating liquors were being unlawfully kept, so that the justice of the peace might determine

therefrom whether probable cause existed for the issuance of the writ.

We think the affidavit and the warrant sufficiently described the premises to be searched. There is some difference among the authorities as to what is a sufficient description of the premises to be searched, and some of the courts have held that the description must be as specific as a description in a conveyance of real estate. Others have held that any description that will enable the officer to locate the premises definitely and with certainty is sufficient, and we think this view is the better one. A description may be one used in the locality and known to the people, if it is sufficiently suggestive that an officer by reasonable inquiry may locate with certainty the place to be searched. All other objections of the appellant to the validity of the search warrant have been this day decided contrary to his contention, in the cases of *Bufkin* v. *State* (No. 23679), 98 So. 452, and *Loeb* v. *State,* (No. 23468), 98 So. 449.

The next assignment of error is based upon the action of the court in admitting the testimony of the witness Gray that he had bought whisky from appellant a few days before the discovery of the still. As said in *King* v. *State,* 66 Miss. 502, 6 So. 188, the general rule is that the issue on a criminal trial shall be single, and the testimony must be confined to the issue, and on a trial of a person for one offense the prosecution cannot aid the proof against him by evidence that he committed other offenses. To this rule there are certain well-recognized exceptions, but this evidence of an offense of which the defendant had been acquitted does not come within any of these exceptions. Under section 1762, Code of 1906, (section 2098, Hemingway's Code), it is competent, on a trial for selling liquor, to introduce evidence of more than one offense, but this statute does not warrant the introduction of evidence of other and distinct violations of law on the trial of one charged with manufacturing liquor, and in no case would it authorize the introduction of evidence of offenses of

which the defendant had been previously acquitted. In presenting his defense to a specific charge a defendant should not be required to carry the burden of a retrial on a charge of which he has already been declared innocent, and we think it was reversible error to admit this evidence of a sale of liquor—a charge of which the defendant had already been declared innocent by a jury. The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*