Borders *v.* State.*

[104 So. 145. No. 24626.]

(Division B. April 6, 1925. Suggestion of Error Overruled May 25, 1925.)

1. Criminal Law. *On certification by justice of peace to circuit court of original affidavit charging misdemeanor, judgment, and appeal bond, but not docket entries, circuit court acquired jurisdiction on appeal.*

There was a conviction of a defendant of a misdemeanor in a justice of the peace court and an appeal taken to the circuit court. The justice of the peace certified up to the circuit court under section 89, Code of 1906, section 71, Hemingway's Code, the original affidavit charging the offense, the judgment of the court, and the appeal bond, but failed to certify up the record of his docket entries. *Held*, that the circuit court acquired jurisdiction of the cause; that the record of the docket entries of the justice of the peace were not essential to the jurisdiction of the circuit court.

2. Intoxicating Liquors. *Searches and seizures. Description of places and things in affidavit and search warrant held sufficient; any description of places or things to be searched enabling officer to locate them with reasonable certainty is sufficient.*

The affidavit for a search warrant for intoxicating liquor and the search warrant issued on such adffiavit, by virtue of which the sheriff searched the dwelling of the defendant, described the places and things to be searched as, "The dwelling house, outhouses on the premises, or in automobiles or other vehicles, used or occupied . . . by Roberta Borders . . . located at or near, Pheba in said county;" the caption to both affidavit and the

warrant being "State of Mississippi, County of Clay." *Held*, that
under section 23 of the Constitution, the places and things to be
searched were sufficiently described in said affidavit and warrant;
that any description of the places or things to be searched that
will enable the officer making the search to locate such places or
things with reasonable certainty is sufficient.

3. INTOXICATING LIQUORS. *Recital in affidavit for search warrant regu-
lar in every respect not overturned by uncertainty of testimony
of affiant as to being sworn.*
Where an affidavit for a search warrant for intoxicating liquor ap-
pears regular in every respect, including the jurat of the officer
taking the oath of the person making the affidavit, a recital in
such affidavit will not be overturned by the uncertain testimony
of the person making the affidavit that he was doubtful, but his
best recollection was the oath had not been administered to him;
the presumption of the truth of the recital of an official record
cannot be overturned by such evidence.

4. CRIMINAL LAW. *Refusing requested instruction covered by other
instructions harmless error.*          .          '
It is harmless error to refuse a requested instruction for a de-
fendant in a criminal case embodying a correct principle of law,
where the jury in other instructions are fully charged on every
phase of the case, including the one embodied in such refused in-
struction.

5. INTOXICATING LIQUORS. *Evidence of possession held sufficient to go
to jury.*
Where a defendant was charged with possessing intoxicating liquor
and the evidence showed that intoxicating liquor was found in
a closet in the dwelling of the accused, which closet was in use
by another as well as the accused, and when the officer found the
liquor the accused made certain statements which indicated she
was the owner and the possessor of such liquor, there was suf-
ficient evidence to go to the jury on the question of guilt.

ON SUGGESTION OF ERROR.

6. CRIMINAL LAW. *Testimony, by other witnesses, that state witness
testified at former trial that he was not sworn at time of making
affidavit for search warrant, tends merely to impeach credibility
or veracity of witness.*
Testimony, by other witnesses, that a state witness testified on a
former trial that he was not sworn at the time of making an af-
fidavit for a search warrant, does not tend to establish the fact
that he was not sworn, but merely to impeach the credibility or

veracity of the witness; such witnesses having no knowledge as to whether the oath was actually administered at the time of the taking out of the affidavit for search.

---

*Headnote 1.   Criminal Law, 16 C. J., Section 683 (1926 Anno); 2.   Intoxicating Liquor, 33 C. J., Sections, 372, 381; Searches and Seizures, 35' Cyc., p. 1266; 3. Intoxicating Liquor, 33 C. J., Section 373; 4.   Criminal Law, 16 C. J., Section 2506; 5.   Intoxicating Liquor, 33 C. J., Section 541; 6. Criminal Law, 16 C. J., Section 2293.

Appeal from circuit court of Clay county.

Hon. J. I. Sturdivant, Judge.

Roberta Borders was convicted of possessing more than a quart of intoxicating liquor, and she appeals. Affirmed.

*B. H. Loving,* for appellant.

## I.

There was no legal transcript from the justice court of the record in such court, transmitted to the circuit court, to confer jurisdiction on the said circuit court and the court erroneously overruled appellant's motion for a proper writ to compel the magistrate to transmit such a proper transcript. The above proposition is deter- minable in favor of appellant, by sections 84 and 85, Code of 1906 (sections 64 and 65, Hemingway's Code), and the cases of *Hughston* v. *Cornish,* 59 Miss. 372; *Xydias* v. *Pellman,* 121 Miss. 400, 83 So. 620, and *Calhoon* v. *State,* 86 Miss. 553, 38 So. 660.

A justice of the peace must certify to the circuit court his docket entries and judgments, and in this case, there is nothing certified to the circuit court by the justice of the peace, except his final judgment and further, his certificate to the same plainly states that it is a true copy of the proceedings had in his court in this case, and on the basis of same and it is on such basis that the jurisdiction of the circuit court must stand or fall, the circuit court clearly had no jurisdiction of this case,

because such certificate clearly shows that no affidavit in this case was filed in the justice court for the same to legally acquire jurisdiction of this case, and for a criminal prosecution to be legally instituted therein, and as the circuit court had no jurisdiction of this case, other than the justice court had and other than the justice court was shown to have had by its certified record transmitted to the circuit court.

## II.

The affidavit for the search warrant and the search warrant are general and blanket and are too broad and do not specifically designate the place or thing to be searched, as required by section 23 of the Constitution, and are therefore, void. Section 23 clearly contemplates that the affidavit for a search warrant and also the search warrant, must specifically designate a certain place or thing where there is probable cause that the contraband property is located, or at the outside certain places or things which may be reasonably grouped together as an entirety, and measured by this standard, the affidavit and warrant in this case are undoubtedly void. The best argument in support of this view is a reading of the wording of the affidavit and search warrant themselves.

They cover the dwelling house, outhouses, premises, automobiles, and other vehicles used or occupied by and the person of the appellant; and in their generalness, state that appellant is manufacturing liquor on his person; and besides being general and blanket, they are alternative in their terms, and practically leave the thing to be searched to the discretion of the officer. The most glaring example of this alternativeness, which we think does away with the specificness required by the Constitution, as well as does the generalness, is where the purported affidavit states that liquor is possessed, etc., in the automobiles, or other vehicles used or occupied by the appellant.

Our authorities in support of this proposition, besides section 23 of the Constitution, are *Rignall* v. *State,* 98 So. 444, and *Jackson* v. *State,* 99 So. 548 (a Florida case), and notes 101 Am. St. Rep. 331, and 17 Ann. Cas. 232.

## III.

The purported affidavit for the search warrant was in truth and fact, no affidavit, because the so-called affiant did not swear to the contents of the paper, purporting to be the affidavit for the search warrant and because no oath was administered to him by the officer, when he signed the same.

The undisputed testimony in the record is to the effect that the so-called affiant went to the magistrate to get a search warrant and merely made out and signed the purported affidavit without swearing to the truth of the contents of the same, or without any oath in any manner or form being administered to him, or that there was any pretense of such being done. It is absolutely necessary that the so-called affiant should have sworn to its contents and that some unequivocal form of oath should have been administered to him by the officer. *Husbands* v. *State,* 105 Miss. 548, 62 So. 418.

*Carlisle* v. *Gunn,* 68 Miss. 243, 8 So. 743, holds that whether a paper in form of an affidavit is really one, is not determinable by what either of the parties consider in reference to it, but by an inquiry as to whether anything was done which could be properly construed as the taking and administering of an oath. See also *Britt* v. *Davis,* 130 Ga. 74, 60 S. E. 180.

## IV.

The instruction refused by the court, correctly announced the law and the same was predicated upon a reasonable hypothesis of fact, not covered by any other instruction given to either the state or appellant, and the refusal of this instruction was reversible error and was prejudicial to appellant. This court has held

in *Powers* v. *State,* 124 Miss. 425, 86 So. 826, and *Stribbling* v. *State,* 124 Miss. 141, 86 So. 897, that the consent to the violation of the statute, and the failure to object to such violation is not a violation of the statute.

The undisputed evidence is that Charley Harris lived in the house of appellant and that he had the privilege of using the closet in question, and it seems to us that under the hypothesis as presented by the instruction, that for appellant to have been guilty, it was necessary that she exercise control and dominion over the whisky in question, after it was left by Harris in the closet, and that her conduct amounted to no more than to a failure to object to the violation of the law by Harris, and a failure to object on her part for Harris doing something, as far as she was concerned, she had a right to do. It is true that another instruction was given appellant to the effect that her consent and knowledge of the crime of Harris did not make her guilty of such crime, but such instruction did not present the hypothesis of fact presented in this instruction and did not cover her failure to object to Harris' crime.

We respectfully submit that there is manifest reversible error in this case, and that this case should be reversed and appellant should be given a judgment in the supreme court, discharging her in this case.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

One of the objections urged here by appellant is that the court should not have overruled her motion for a proper writ to compel the justice of the peace to transmit a proper transcript of the record of the proceedings had before him. She says the circuit court did not have jurisdiction in the cause for the reason that there was no proper transcript filed therein. Counsel cites *Hughston* v. *Cornish,* 59 Miss. 372, as authority for the position that a justice of the peace must certify to the circuit court "his docket entries" and judgments.

No one could successfully deny that this court has uniformly held that the statute must be substantially complied with in order to invest the circuit court with jurisdiction. But, in the case at bar we find that the justice sent up (1) the original affidavit charging the offense, (2) a certified copy of his judgment, (3) the original appeal bond, and (4) his own certificate.

When appellant filed her motion for a writ "to compel the justice of the peace to transmit a proper transcript," the circuit court, by its order, found that the justice "had transmitted to this court (1) a certified copy of his judgment, (2) and the appeal bond, and (3) the papers filed in his court." We think the gist of the matter of what is required by the statute was clearly stated by the court in the case of *Murphy* v. *Hutchinson*, 47 So. 666, 93 Miss. 643, speaking through Judge FLETCHER. We earnestly contend that each of the requirements of this decision are fully met by the record.

Appellant next says that the affidavit for search warrant and the warrant itself are void because not specifically designating the thing and place to be searched. It will be noted by the court that while objection was made by defendant during the examination of the state's witness, Cottrell, to his testimony because of certain objections to the search warrant, no motion to exclude was made by the defendant at the conclusion of the state's case, and the defendant herself thereupon took the stand in her own behalf. The very first question asked her by her attorney and her answer thereto, are as follows: "Q. Roberta, whose whiskey was it that was found in your house? A. Uncle Charley Harris'." (Tr. 28).

Having thus admitted in her own testimony the fact which the state had proved as a result of a search of her home, no objection can now be made to the sufficiency of the affiant and search warrant. *Blowe* v. *State*, 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429. The argument of counsel therefore, to the effect that the affidavit was not properly sworn to, falls by the same token.

Notwithstanding the above, the affidavit and writ are not void for the reason that this court has held that it is not necessary for the affidavit and warrant to describe the place to be searched with the technical description of conveyance. *Loeb* v. *State,* 98 So. 449, 133 Miss. 883; *Bradley* v. *State,* 98 So. 458, 134 Miss. 20; *Matthews* v. *State,* 100 So. 98, 134 Miss. 807. And in *Rignall* v. *State,* 98 So. 444, 134 Miss. 169, it was held that the place described as premises without other description and without any words of limitation as to occupancy or use or otherwise, is too broad and indefinite and therefore insufficient, but in the instant case the affidavit and warrant were both limited specifically as to occupany and use.

As to whether or not the affidavit for search warrant was actually sworn to by the sheriff is not definitely established by the record, for the sheriff stated on cross-examination as shown on page 22 of the transcript, that he thought an oath was actually administered to him, but as shown on page 23, he said that he could not state positively about it and did not think there was. We maintain however, in view of the fact that the affidavit and warrants speak for themselves, together with the effect of the doctrine announced in the Blowe case, renders this assignment untenable.

Counsel further urges that the two instructions granted for the state were erroneous because, as he says, "that for appellant to have been guilty, it was necessary that she exercise control and dominion over the whiskey in question," after it was left by another in the closet in her home and that her conduct amounted to no more than simply a failure to object to a violation of the law by such person. We contend that even in counsel's view of the case, he has made appellant a bailee and it is elementary that a bailee has the power and authority to exercise control and dominion over bailment. But it is not upon this theory that we stand for the testimony is amply sufficient for the jury to have found her in full possession thereof. As this court has announced in the

case of *Anderson* v. *State,* 96 So. 163, 132 Miss. 147, while possession must not be fleeting and shadowy in its nature, yet a person who has more than one quart of intoxicating liquor in his possession is guilty even though the liquor belongs to some other party.

We respectfully urge that there is no reversible error in the record.

ANDERSON, J., delivered the opinion of the court.

Appellant was convicted, in the court of a justice of the peace of Clay county, of the charge of having in her possession more than a quart of intoxicating liquor. From that judgment she appealed to the circuit court, where there was a trial *de novo* resulting in another conviction, from which judgment she appeals to this court.

Several errors are assigned and argued.

The justice of the peace trying the case sent up to the circuit court the affidavit before him charging appellant with the offense of which she was convicted, the judgment of the court convicting her, and her appeal bond. Attached to these papers, or one of them, the justice of the peace certified (using the language of the certificate) "that the above and foregoing *paper* (italics ours) are true copy of the proceedings had in my court in the matter of the *State* v. *Roberta Borders* in a charge of the unlawful possession of intoxicating liquors."

Appellant made a motion in the circuit court for a writ of *certiorari* to the justice of the peace who tried the cause, requiring him to comply with section 89, Code of 1906, section 71, Hemingway's Code, by certifying a "copy of his record of the case, with all the original papers in the case, as in appeals in civil cases."

It will be observed that the certificate of the justice of the peace certifying the record up to the circuit court refers to the papers sent up in the singular. Instead of stating in the certificate that the above and foregoing "papers" were sent up, he certified "that the above and

foregoing 'paper' was sent up.'' Another defect in the record certified up by the justice of the peace was that he failed to include in the record a copy of his docket entries in the case.

It is argued by appellant that because of these defects the circuit court failed to acquire jurisdiction of the case; that the appeal proceedings were so defective as to be void, and therefore the circuit court was without jurisdiction.

The fundamentals of jurisdiction of the circuit court were the affidavit charging the offense, the judgment of the court, and appeal bond. These were sent up. It is true the certificate attached thereto was defective in that it used the singular ''paper,'' instead of the plural ''papers,'' as it should have done. But construing the entire language of the certificate, it becomes plain that the justice of the peace intended the plural ''papers'' instead of the singular ''paper.'' And we hold that the failure, although it was required by the statute, to certify up with the record, as a part thereof, the docket entries of the justice of the peace, was not essential to the jurisdiction of the circuit court. This was a mere defect which was perfectly harmless to appellant and did not deprive the circuit court of jurisdiction.

The sheriff of Clay county searched appellant's residence and found the intoxicating liquor in her possession, for the possession of which she was convicted. He had a search warrant as authority for his search. Appellant contends that the search warrant was void because the affidavit on which it was based, and the search warrant itself, violated section 23 of the Constitution, which provides, among other things, that ''no warrant shall be issued without . . . specially designating the place to be searched and the person or thing to be seized;'' that the affidavit and warrant were too general and indefinite in the description of the premises to be searched; that they failed to specifically point out the place to be searched as required by the Constitution.

In both the affidavit and the warrant the premises sought to be searched is described as follows: "The dwelling house, outhouses on the premises or in automobiles or other vehicles, used or occupied . . . by Roberta Borders . . . located at or near Pheba in said county."

The caption to the affidavit is: "State of Mississippi, County of Clay." The Caption to the search warrant is: "State of Mississippi, County of Clay. To any Lawful Officer of Clay County."

The search was made of appellant's home. The premises to be searched, among others, as will be seen from both the affidavit and the search warrant, was the dwelling house of appellant near Pheba, in Clay county. Any description in the affidavit for a search warrant and in the search warrant issued thereon, that points with reasonable certainty to the premises to be searched, is sufficient. Any description of the place or thing to be searched that will enable the officer making the search with reasonable certainty to locate such place or thing is sufficient. *Loeb* v. *State*, 133 Miss. 883, 98 So. 449; *Bradley* v. *State*, 134 Miss. 20, 98 So. 458; *Matthews* v. *State*, 134 Miss. 807, 100 So. 18. We think the affidavit and search warrant sufficiently described the place searched.

Mr. Cottrell, the sheriff of Clay county, who made the affidavit for the search warrant, and who was introduced as a witness for the state, testified on cross-examination that he was not certain that the oath required by law was administered to him by the officer taking the affidavit. On being urged to state his recollection about the matter, he finally said that he did not remember that the oath was taken; in fact, his best recollection was that it was not. The jurat to the affidavit is in due form and recites that it was sworn and subscribed to before the officer taking it, by the affiant Cottrel, on the day it was made, the 9th day of August, 1924. It is argued, and it is true, that the required oath to the affidavit for a search warrant is indispensable, and a search warrant

issued without it is void. The presumption of the truth of the recitals in official records as well as the presumption of regularity in official acts cannot be overturned by uncertain evidence. To overturn such records and acts, the evidence must be positive and convincing. The evidence of the witness Cottrell fails to meet this requirement. He may have taken the required oath and forgotten it. He expressed great uncertainty. His evidence meant that although he did not believe he had taken the oath, still he was not certain about it. Courts will not permit the setting aside of solemn official records on such evidence. They furnish their own proof. Official records are proof themselves when properly authenticated. The jurat to the affidavit for the search warrant therefore is to be taken as true because the evidence is insufficient to overturn it.

Appellant complains at the action of the court in not granting the only refused instruction requested by appellant. By this instruction appellant sought to have the court charge the jury that even though the liquor in question was left in appellant's closet by another person with appellant's knowledge and consent, still she was not guilty unless she exercised dominion or control over the liquor. The refusal of that instruction was not harmful to appellant's cause. Appellant got from the court seven instructions which presented to the jury every conceivable phase of her defense, including the one sought to be embodied in her refused instruction. The jury were told in the given instructions that they could not convict appellant unless she actually and knowingly had possession of the liquor, and that if the evidence showed that the liquor was placed in her closet by another, who had been given the right to use such closet, they should acquit the defendant.

Appellant argues that she was entitled to a directed verdict because the evidence was insufficient to sustain the judgment. We do not think there is any merit in this position. When the liquor was found in appellant's closet, she insisted that it was water, doubtless in the

hope that the officer who found it would not examine it further. After it was found to be intoxicating liquor, she said to the officer that it belonged to another who had put it in her closet with her consent, but that she did not know what it was; that the person who put it in there simply asked her permission to put a package in her closet. We are of the opinion, however, that there was enough evidence to go to the jury, taking, her conduct and what she said into consideration, to show that she knew that the liquor was in her closet and knew what it was and that she had it in her possession and under her control.

*Affirmed.*

## On Suggestion of Error.

ETHRIDGE, J.

On the suggestion of error filed in this case it is conceded that the rules of law therein announced are proper, but it is contended they are not applicable to the case because the state witness, Cottrell, in testifying as to whether the affidavit was actually sworn to or not, said that he did not remember positively as to the administration of the oath and as to what he testified in the court below, and that the defendant offered other evidence to show what Mr. Cottrell testified in the justice court, and that such other witness stated that Mr. Cottrell stated that he was not sworn, and that the defendant tendered other proof by other witnesses also to show that Mr. Cottrell testified in the justice court that he was not sworn at the time the search warrant was issued, and objection was interposed to such additional testimony and sustained by the court on the theory that the court considered the proof established that he had so sworn in the justice court.

The testimony of the witness as to what Mr. Cottrell swore in the justice court does not tend to establish the fact that the affidavit was not sworn to, it going only to his credibility and veracity. There was no effort to

prove by witnesses present at the time the affidavit for
a search warrant was applied for and issued to show the
facts that there happened or what was there done.

The suggestion of error is therefore overruled.

*Overruled*