FORSHEE *v.* STATE.*

(Division A.   Feb. 11, 1929.)

[120 So. 462.   No. 27598.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, section 1098, p. 567, n. 98; Intoxicating Liquors, 33CJ, section 381, p. 682, n. 96; As to sufficiency of description of place to be searched in affidavit for search warrant, seen annotation in 3 A. L. R. 1518; 13 A. L. R. 1318, 24 R. C. L. 714; 3 R. C. L. Supp. 1383.

*J. S. Savage,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

SMITH, C. J. This is an appeal from a conviction for having intoxicating liquor in possession. The only assignments of error of sufficient importance to be especially noticed are predicated on the admissibility of the evidence upon which the appellant was convicted, which was secured by means of a search warrant. The appellant contends in this connection:

1. That the description of the premises to be searched is void.

2. That the affidavit was made before and the warrant was issued by a justice of the peace by the name of Moss, and the warrant was returnable before him, but the war-

rant with the officer's name thereon was afterwards filed with Howard, another justice of the peace, before whom the appellant was thereafter tried, and from whose judgment the appeal to the court below was taken.

3. The return of the officer making the search simply sets forth that he "executed the within writ personally by delivering to the within named John Forshee a true copy of same," and does not set forth that any intoxicating liquor was found by him.

4. The warrant was not, in fact, served on the appellant.

The description, in the affidavit, of the premises to be searched, which is brought forward into the preamble or "Whereas" of the search warrant, is as follows: "The dwelling house and premises, including all barns, outhouses, where the said John Forshee now lives, and which said buildings now occupied and used by him, the said John Forshee, including the place yards and curtilage thereof, and on the Bob Box farm, or near the Bob Box house, near Big Black River, in Choctaw county, state of Mississippi." The command of the search warrant is, "to diligently search said dwelling house and premises where he now resides in Choctaw county, Mississippi, now used and occupied by him for a home." The home of the appellant, which was the place searched by the officer under the warrant, is not on the Box farm, and is claimed by the appellant to be something like a mile and a half therefrom. This fact does not avoid the description in the affidavit and warrant, for it is clear therefrom that the place to be searched was the dwelling house and premises in Choctaw county on and in which the appellant then lived. The further description that it was on the Bob Box farm or near the Bob Box house may be treated as surplusage, there being no contention that the appellant had more than one residence.

The second and third of the appellant's contentions are without merit.

The warrant seems not to have been served on the appellant, but the officer who made the search testified that he advised the appellant that he had a warrant therefor, and was told by him to proceed with the search. The appellant testified that "they asked permission to search, and I told them to help themselves." But, aside from this, the failure to serve the warrant on the appellant cannot affect the admissibility of the evidence obtained by means of the search. The appellant, being present when the search was made, had, of course, the right to object thereto until the officer disclosed the search warrant to him, but he made no such objection, and, if he had, his objection would have been instantly met by the production of the warrant.

*Affirmed.*