MOONEY v. STATE.

(Division B. June 8, 1931.)

[135 So. 200. No. 29474.]

**W. T. Weir,** of Walnut Grove, for appellant.

E. B. Ethridge, Special Agent, for the state.

Ethridge, P. J., delivered the opinion of the court.

Ben Mooney was prosecuted for the unlawful possession of intoxicating liquor in a justice of the peace court, convicted there, and appealed to the circuit court, where a trial de novo was had, and he was again convicted and sentenced to pay a fine of one hundred dollars.

The evidence against Mooney, the appellant, was obtained by means of a search warrant issued by a justice of the peace of district No. 2 in Leake county, and made

returnable to a named person, to-wit, E. P. Jackson, at his office, on the 20th day of August, 1930. E. P. Jackson was, in fact, a justice of the peace of district No. 1, and was the justice of the peace before whom the prosecution for the unlawful possession was to be had, although the affidavit for the search warrant did not state that he was a justice of the peace.

The description of the place to be searched was the "dwelling, outhouse, premises, automobiles, or other vehicles of the said Ben Mooney," in said county and state. The liquor was found on the morning following the issuance of the search warrant by some deputy sheriffs and constable of district No. 1, who went upon adjoining lands and secreted themselves, and, shortly after daylight, Mooney came near where they were secreted in a small ravine, and the officers heard bottles rattling and saw Mooney, and, after he left and returned to his house, they went to the place where he was seen, and there in the ravine was a sack of bottles containing home-brew. They also found another sack of bottles on the defendant's premises, and thereupon they went to his house, served the warrant upon Mooney, took him to the place where the bottles were, and took possession of the bottles and of Mooney.

The proof showed that the home-brew was intoxicating, and that Mooney was served with a warrant and placed under arrest, and also that the premises of Mooney were in district No. 1 of Leake county; but there was no evidence in the circuit court on behalf of the appellant, who rested on the state's case. The state's evidence, when offered, was objected to, objection overruled, and exception taken.

It is urged here that the affidavit was insufficient as to the description of the place to be searched, and also because the writ was made returnable before E. P. Jackson, without showing on its face that he was a justice of the peace.

We think the proof is sufficient to sustain a conviction; that the description of the premises to be searched was sufficient; and the fact that the writ for the search warrant was returnable to E. P. Jackson, without designating him as a justice of the peace, it having been served upon Mooney in the district in which he lived, does not render the evidence so obtained incompetent.

The judgment of the court below will therefore be affirmed.

Affirmed.