## Middleton, Sheriff, v. Denhardt, Adjutant General, et al.

(Decided Nov. 1, 1935.)

CLEON K. CALVERT and J. B. SNYDER for appellant.

RICHARD PRIEST DIETZMAN, GOLDEN, LAY & GOLDEN and THOMAS C. TOWNSEND for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellant, who was the plaintiff in the trial court, is the sheriff of Harlan county. He brought this suit July 1, 1935, against the Adjutant General of Kentucky and eighteen members of the Kentucky National Guard and the so-called state police, seeking to enjoin the defendants from acting in any official capacity in Harlan county. A restraining order was issued by the circuit clerk in accordance with the prayer of the petition. Thereafter, by four amended petitions, the plain-

tiff brought in various other defendants, and asked for additional relief. By an amended petition filed August 3, 1935, the day of the primary election, plaintiff set out that the Adjutant General had ordered more than 500 members of the National Guard into the county, and that these guardsmen were undertaking to do police duty and act as police officers therein. He asked for and obtained a mandatory injunction against the Adjutant General requiring him to remove the guardsmen from the county. The defendants demurred specially to the petition as amended on the ground that the plaintiff was without legal capacity to bring the suit. Without waiving their special demurrer, they filed an answer alleging affirmatively their right as National Guardsmen to act as peace officers in Harlan county. These answers were controverted of record. Thereafter, a motion was made before Judge Thomas of this court to dissolve the various injunctions granted by the trial court. In his opinion delivered on this motion on September 4, 1935, Judge Thomas considered but, in view of the circumstances, refused to determine the question of the plaintiff's capacity to sue. He directed, however, that the injunctions be modified, saying:

"A part of the injunction which this motion seeks to set aside commands the Adjutant General to prevent any of the National Guardsmen from entering the voting booths of the County on August 3rd, 1935, or from interfering with voters casting their votes, and that he see to it that none of the members of the Guards interfere with the election on that day in Harlan County, or that they enter any of the polling places of the County, and 'that he see to it that neither of them acts or professes to act as peace officers in Harlan County until the further orders of this court are made known herein.' The injunctions issued later than the one just referred to, are somewhat indefinite, in that they sustain the motion for them, 'in accordance with the prayer of the petition and the petition as amended,' and which prayers are of the most prohibitive character, even to the extent of preventing the National Guardsmen from wearing any uniform indicating their position as peace officers. Clearly from what has been said, the learned trial judge was in error, at least in so far as he attempted to enjoin the National Guardsmen from

acting solely and exclusively as peace officers within the county, or from doing any and all the acts that legal county peace officers might do and perform. While so acting, they will be only assisting in the enforcement of the law in the particular territory. No effort is made thereby to deprive any civil or local peace officer of his office or to deny him the right to perform any of the duties thereof. Of course, as said in the Franks opinion [Franks v. Smith, 142 Ky. 232, 134 S. W. 484, L. R. A. 1915A, 1141, Ann. Cas. 1912D, 319], National Guardsmen so engaged are not vested with any authority to violate any law, and therefore, they may do nothing more than any other peace officer may do under the same facts and circumstances; but they are vested, under the opinion referred to, with the authority of exclusively peace officers. As such they would have no right to unlawfully interfere with any election in Harlan County, or to take any action with reference to the conducting of it other than what plaintiff as sheriff might himself take or what any other local peace officer might perform.

"It is therefore my opinion, without a more extended discussion of the questions, that the injunction should be modified insofar as it enjoins the National Guardsmen and others from functioning solely as peace officers in Harlan County. The injunction insofar as it enjoins the unlawful interference with elections in the county seems to be confined exclusively to the one held on August 3rd, 1935, but it embodies a correct principle of law and there can, at least, be no harm in letting it stand as applicable to further elections, conceding that the Court may anticipate an infraction of the criminal law and enjoin its commission."

An order was entered in the circuit court conforming the judgment there to the opinion of Judge Thomas, and this appeal is taken from the final judgment as so modified. Plaintiff complains alone of so much of the judgment as permits the guardsmen to act as peace officers in Harlan county. The defendants have not prosecuted a cross-appeal, and are content with the judgment as it stands. They insist, however, that the plaintiff is without legal capacity to enjoin them from acting as peace officers, and that the judgment must therefore be affirmed.

It is insisted on behalf of the sheriff that this is a suit to prevent *interference* with the discharge of his official duties. He relies upon those cases of which Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 21 Ky. Law Rep. 1323, is an example, holding that when an officer is molested or interfered with in the exercise of his official duties, to the detriment of the public business, he may seek and obtain the aid of a court of equity. Obviously, the sheriff has no monopoly on the right to keep the peace or to act as a peace officer. Even Coke on Littleton, as quoted and relied on in appellant's brief, recognizes the sheriff as "principalis conservator pacis." Though he may be the "*chief* keeper of the peace," he is not the *only* keeper of the peace. Furthermore, it was the "King's peace," and not the "sheriff's peace," that he was called upon to preserve. Certainly, the executive power of the commonwealth may today be exercised through more than one agency. The judges of this court, the circuit judges, the constables, policemen, and marshals are conservators of the peace no less than the sheriff and his deputies. The same may be said of the National Guardsmen when thus on active duty. Franks v. Smith, 142 Ky. 232, 134 S. W. 484, L. R. A. 1915A, 1141, Ann. Cas. 1912D, 319. None of these officials has the duty to maintain public order to the exclusion of all others, nor can the proper exercise of the right by one agency be termed an interference with, or usurpation of, the same right when exercised by the others. The sheriff does not claim that the defendants are usurping his office or claiming to be sheriffs, nor does he claim himself to be entitled to the prerogatives of a National Guardsman. In other words, he disclaims that this is an action to try title to public office. Anderson v. Fowler, 180 Ky. 587, 203 S. W. 322; Morgan v. Adams, 250 Ky. 441, 63 S. W. (2d) 479; Waddle v. Hughes, 260 Ky. 269, 84 S. W. (2d) 75. He rests his claim, both in his brief and in argument at the bar, upon the claim that to permit the defendants to act as peace officers in Harlan county is an interference with the proper exercise of the duties of his office. There is no proof in the record, and indeed no allegation of fact in the pleadings, that would justify an inference that the exercise of the right to act as peace officers by members of the National Guard will interfere with the performance of the duties of the sheriff any more than would the performance of the same duties by a police-

man or a constable. Such interference, if it may be called that, will be in aid of the ultimate object to be desired by both the sheriff and the guardsmen; namely, the maintenance of the public peace. Neither has a property right in the preservation of law and order.

It is argued at length that the executive orders of the Governor by which the defendants were placed on active duty are invalid. Even if these orders were invalid, this would not change the prospective operation of this injunction. It does not impinge on any right of the sheriff nor perquisite of his office. He is not, therefore, in a position to raise the question. Gilman v. City of Sheboygan, 2 Black, 510, 17 L. Ed. 305; Jones, Sheriff, v. Citizens' Bank, 228 Ky. 699, 15 S. W. (2d) 468.

The chancellor should have sustained the special demurrer of the defendants to the petition. No appeal, however, is taken from that ruling. Clearly, nevertheless, having no right to sue to enjoin other officers from performing duties properly pertaining to their offices, the plaintiff is not entitled to the relief he asks here.

Judgment affirmed.

Whole court sitting.