## COLLINS *v.* STATE.

(Division B. May 10, 1937.)

[174 So. 161. No. 32689.]

Jaap & Higgins, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant, Maybelle Collins, was convicted in a justice of the peace court of Hinds county on an indictment charging the possession of intoxicating liquor; appealed to the county court, where she was again convicted and sentenced to pay a fine of $250 and to serve thirty days in jail, which sentence was affirmed by the circuit court; and the circuit judge having said that a constitutional question was involved, the case comes here for review.

The search warrant procured by the deputy sheriff was made on an affidavit reciting that: "This day, J. T. Hale, on information, came and personally appeared before the undersigned, a justice of the peace for 1st district of said county, and makes oath that he has reason to believe, and does believe, that intoxicating liquors are being manufactured or possessed for purpose of sale, or sold, or offered for sale, or given away, in violation of law, in the dwelling house, outhouses, on the premises, in the automobiles or other vehicles used or occupied by unknown occupants of the first house furthest West of the five yellow houses just South of the Porter Gooch Lumber Company, said houses known as the Porter Gooch Lumber Company houses, in said county and state, and this belief is not feigned of malice against the said unknown occupants, but is founded on credible information in that the affiant has been informed by a credible person that such is a fact."

A search warrant having been issued, a search was made of the house occupied by appellant, and the following return was made: "I have this day executed the within search warrant personally serving a copy of same on Maybelle Collins, and by searching the premises described therein, and finding about twenty gallons of liquor

552

in two ten gallon kegs. This 27th day of July, 1936. John W. Roberts, Jr., Sheriff, by E. M. Broome, D. S.''

The witness J. T. Hale testified that after they located the liquor, Maybelle Collins admitted that it belonged to her, and that there were six houses painted yellow, and the search was made of the one furthest west. On cross-examination, he testified that his judgment was that there were six houses, but he could not say positively.

For the appellant, there were several witnesses to prove there were seven houses, but they all testified that appellant lived in the one furthest west. Some of them, on cross-examination, were uncertain as to the number of houses. One witness testified that there were seven houses, but the one furthest east was not painted yellow, and on cross-examination one witness testified that there were seven houses, in the following language:

''Q. Isn't one there not in line with the others, sort of not painted yellow? A. Not that I know of.

''Q. You don't say it is not? A. I don't say it is not, and I don't say it is, not that I know of.''

Another testified as follows:

''Q. Isn't one house not painted yellow? A. No, sir.

''Q. Are you sure of that? A. I am afraid to say, I don't remember.''

Another witness testified that there were seven houses in a row and that appellant lived in the one furthest west, as follows:

''Q. Did you say all were painted? A. All were painted but one.''

Another witness said as follows:

''Q. Isn't one house furthest to the East not painted, . . . A. I don't know whether it is painted or not.''

When the testimony was concluded, the appellant made the following motion: ''Now comes the defendant and objects to the introduction of the affidavit for search warrant and the search warrant, because neither adequately describes the premises searched under them; the affidavit for search warrant calling for the search of the

first house furthest West of the five yellow houses just South of the Porter Gooch Lumber Company, said houses known as the Porter Gooch Lumber Company houses.' Defendant shows that the said description does not describe the property so that it could be readily and easily found, and the proof shows that in the row of houses there are seven houses, and that the house searched was not the house furthest West of five yellow houses just South of the Porter Gooch Lumber Company.'' This motion was overruled.

We are of the opinion that it is a good description, and that the court below correctly overruled the motion, and that it was a question of fact as to whether the houses corresponded to the description in the search warrant. The testimony of the deputy sheriff shows that it was his best judgment there were six houses, and while several witnesses testified there were seven houses, some said that only six thereof were painted yellow, and that the appellant lived in the one furthest west, and it was competent to offer the search warrant and the admission of appellant in evidence that the liquor belonged to her.

It is urged that it was error for the court to state, in the trial as follows: ''Let the records show that the jury retired and returned a verdict of 'guilty as charged,' whereupon the defendant was sentenced by the court to a fine of $250.00 and 30 days in jail.''

We must assume that the jury did, in fact, retire and return a verdict because the judgment said so, as did the stenographer's notes.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.