SIMMONS *v.* STATE.

(Division A. Nov. 8, 1937.)

[176 So. 726. No. 32847.]

Mize & Mize, of Forest, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment of the circuit court of Newton county which affirmed a judgment of the County Court of said county wherein the appellant was convicted of the unlawful possession of intoxicating liquor and sentenced to pay a fine of $250 and costs, and to serve a term of 90 days on the county road.

E. V. Buckley, sheriff of the county, made an affidavit for a search warrant before C. R. Hardy, justice of the peace, which averred that he had good reason to believe, and did believe, that intoxicating liquor was being stored, kept, owned, controlled, and possessed for the purpose of sale, in violation of law, in the residence, outhouses, barns, crib, etc., and in the field, yard, garden, and woods near the residence of Sarah Johnson in the Fourth district of Newton county, Miss., and on section 27, township 6, range 10 in said county and state, and more particularly described as follows, "30 A SW¼ SE¼ S of Highway #80 in a small erected building just across Highway from Renebel Simmons Dwelling, and the affidavit prayed for the search of said premises and the arrest of the appellant, Arch Simmons, and any other person or persons in charge, possession, or control thereof. A search warrant was thereupon issued, reciting the averments of the affidavit as to the premises in

question, except that the field and woods to be searched were described as being near the "Store or Shop of Sarah Johnson," instead of near the "residence of Sarah Johnson" in the quarter section, township, and range described in the affidavit; and with the further exception that the "small erected building" to be searched was described as being situated just "across Highway from Rena Bell Evans," instead of "across Highway from Renebel Simmons Dwelling."

The introduction of the affidavit and search warrant was objected to by appellant on the ground that there was a fatal variance in them between the description of the premises to be searched, and on the further ground that the affidavit was not dated. The court below permitted the affidavit to be amended so as to show the correct date, and we think properly so, under the authority of section 1292, Code 1930, and numerous decisions of this court construing the same.

As to whether the variance in the description of the premises contained in the affidavit for the search warrant and that contained in the search warrant was fatal, the testimony shows that the only whisky found on the premises described was found in the crib mentioned in both the affidavit and the search warrant, and situated in the quarter section, township, and range where the premises of Sarah Johnson, occupied by appellant, were situated. We are, therefore, of the opinion that the part of the description wherein the variance occurs may be treated as surplusage, since the premises are sufficiently identified by the remaining part of the description contained in both instruments. Bradley v. State, 134 Miss. 20, 98 So. 458; Forshee v. State, 152 Miss. 566, 120 So. 462.

It appears that the whisky found on the premises searched was contained in about 8 or 10 quart jars, in cases, and in several bottles and jugs; there being only a small quantity in any of them, and which, according to the testimony of the sheriff, was such a quantity as

would drain back into the bottles when the liquor was poured out.

After finding the jars, bottles, and jugs in the crib, containing the whisky hereinbefore mentioned, the sheriff went in an easterly direction from the residence occupied by the appellant and the other buildings used by him for a distance of some 70 or 75 yards, and found two pints of whisky about 8 or 10 feet off from a path which extended on beyond where this whisky was found, and at a place which the state was unable to show was on the premises of the appellant. And since the path referred to did not lead directly from the residence or other buildings occupied by the appellant to the place where the whisky was concealed, but only passed near it and extended on beyond, and to the dwelling houses of other persons so far as is shown by the record, it was not competent to introduce this evidence against the appellant, in the absence of proof that he had this whisky in his possession or under his control. The admission of this evidence against the appellant, over his objection, was prejudicial, and constituted reversible error.

Reversed and remanded.