## SEANEY *v.* STATE.

(Division B. April 1, 1940. Suggestion of Error Overruled May 13, 1940.)

[194 So. 913. No. 33887.]

Mize & Mize, of Forest, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

A. A. Seaney was convicted in the Justice of the Peace Court of H. H. Bullock, Justice of the Peace of District No. 2, Rankin County, for the unlawful possession of intoxicating liquors, and fined $500, and sentenced to serve ninety days in the county jail and to pay the costs of the court. The affidavit of the offense was made by R. E. Hollister, an officer of the National Guard, and the evidence was obtained against Seaney by means of his search of the place of business of Seaney upon a search warrant based upon an affidavit made out by Major T. B. Birdsong, Jr., the Major in the National Guard. The affidavit for the search warrant read:

"This day personally appeared before me, the undersigned officer of said county, T. B. Birdsong, Jr., who is known to be a credible person, who upon his oath says that he has reason to believe, and does believe, that intoxicating liquor is being

"(1) Stored, kept, owned, controlled or possessed for the purpose of sale in violation of law.

"(2) Sold or offered for sale in violation of law, in the place of business, storehouse, and outhouses, barns, stalls, smokehouses, crib and in the field, yard, and garden and woods near the place of business, storehouse of A. A. Seaney in the second District of Rankin County, Mississippi, and on Section ——, Township ——, Range ——, in —— County, Mississippi, and more particularly described as the above specified premises and possessions of A. A. Seaney, located on the west side of Casey's Lane, about one mile north of U. S. Highway 80, the building being very small, with windows close together and painted white, and approximately 200 yards northwest of the residence of Eugene Seaney in Rankin County, Mississippi, in violation of laws of the State of Mississippi, and

"(3) Attempted to be transported by automobile, truck or other motor-power means of transportation on the above specified premises and possessions aforesaid, and this belief is not feigned of malice against A. A. Seaney, who is believed to be guilty of said violation, but founded on credible information.

"Wherefore, affiant prays a search warrant directing a search of the above mentioned place and things, and seizure of the intoxicating liquor, stills, or integral parts thereof, and the arrest of the said A. A. Seaney and any other person or persons in charge, possession or control, guilty of violating the prohibition laws of the State, T. B. Birdsong, Jr., Affiant."

The warrant followed the description contained in the affidavit, reciting the facts stated in the affidavit, and was addressed: "State of Mississippi, Rankin County, To

Any Lawful Officer of Rankin County," reciting that the affidavit had been made, etc., and directing that the officer shall take such aid as in his judgment would be needed to proceed to make the search of the premises described in the said county and state for intoxicating liquor, make known to the person or persons in control thereof, if any, the authority for so doing, and if any intoxicating liquor be found, that it be seized, etc. There was an appeal from the Justice of the Peace Court to the Circuit Court, and on trial in the Circuit Court, the evidence was objected to and the objection overruled. The testimony in the case was that the Justice of the Peace delivered the search warrant to Major T. B. Birdsong, Jr., who in turn delivered it to Captain R. E. Hollister, who in turn delivered it to Corporal Leddy, a non-commissioned officer of the National Guard, who with two members of the National Guard proceeded to the premises described in the affidavit and warrant, served a copy of the search warrant upon A. A. Seaney, and made the following return: "I have this day executed the within writ personally by serving a true copy on A. A. Seaney and arrested A. A. Seaney and have him in custody. There was 15 cases of whiskey and 3 cases of wine, 1 pistol and 3 rifles. I destroyed the whiskey and confiscated the guns at 4 o'clock. Cpl. Sam W. Leddy. Filed July 8, 1939."

At the conclusion of the evidence for the State, the defendant made the following motion:

"Comes now the defendant and moves the court to exclude all the evidence offered by the State and direct the jury to return a verdict of not guilty for the following reasons:

"The evidence secured was secured by the unlawful search in that the search warrant was void because of the description not being sufficient to enable an officer to locate the building.

"Two: The search is unlawful for the reason that the National Guard has no authority and had no authority

to execute the process, the Statute requiring that the process shall be served by the constable, and if the constable is not available, by the Sheriff, and the proof in this case shows that the sheriff was available and that the search warrant was not tendered to him to be served, and for the further reason that the National Guard had no authority to act because the State was not threatened with invasion, insurrection, and there were no riots existing or mob violence; there was no unlawful assembly, no breach of the peace, no resistance to the execution of the law of the state, and the search was contrary to the Constitution of the State of Mississippi and of the United States.

"The Court: Let the motion be overruled.

"Mr. Mize: We except."

The defendant rested without offering any evidence and the jury convicted the appellant in the Circuit Court whereupon the Circuit Court sentenced the appellant to pay a fine of $500, and all costs, and to serve a term of ninety days in the county jail, from which judgment this appeal is prosecuted.

The appellant insists first that there was not sufficient description in the affidavit and search warrant of the premises to be searched. We think this contention is without merit. See Bradley v. State, 134 Miss. 20, 98 So. 458; Matthews v. State, 134 Miss. 807, 100 So. 18; Borders v. State, 138 Miss. 788, 104 So. 145; Forshee v. State, 152 Miss. 566, 120 So. 462; Mooney v. State, 160 Miss. 701, 135 So. 200; Collins v. State, 178 Miss. 548, 174 So. 61.

It is next contended that the search by members of the National Guard was unlawful and the evidence obtained by this search was incompetent because there was a constable in the district duly qualifled to act. It was also shown in the evidence that the sheriff was qualified to act in serving the search warrant; that the search warrant was not delivered to either the constable of the district or the sheriff; that neither of these officers accompanied

the National Guard on the mission of search and seizure; and that there was no authority in the National Guard to make a search in the absence of this civil authority. This contention is foreclosed by the case of State v. McPhail, 182 Miss. 360, 180 So. 387, where the whole subject of the legality of a search by National Guardsmen was fully discussed in an elaborate opinion which settled the law with reference thereto. It was there held that the power to enforce the laws is not left as a matter of finality to the discretion of the local authorities or the local inhabitants, but power is placed in the head of the executive department to act, in case of need, for the whole state; and that the Governor is an executive officer in every county of the state and he may set the enforcement machinery in motion and thereby determine to whom the civil process may be directed for execution when that has become proper on account of failure, neglect, or inability of local executive officers to act; and it was held that where the Governor has ordered out the militia, the militia are peace officers and authorized to execute a search warrant.

We deem it unnecessary to enlarge upon the discussions in the aforesaid opinion, which controls this case, both on this assignment of error and the third assignment of error which is, the Governor had not determined it was necessary to order out the troops to Rankin County in aid of civil authorities at the request of the sheriff or judge of the Circuit Court of said county, and this being a condition precedent the troops were without authority to act and the evidence obtained by the sheriff made by them was incompetent. The case referred to settles this contention against the appellant. It was not necessary for the Governor to await the request of the sheriff or the judge of the Circuit Court or any other local officer. The Governor is given authority by Section 217 of the Constitution to use the militia in the execution or enforcement of the laws, as well as the repelling of invasion and the suppression of riot and insurrection. The authorities

elsewhere fully sustained the power of the Governor to use the militia when conditions arise requiring that use, and this without being called upon by the local authorities. See Franks v. Smith, 142 Ky. 232, 134 S. W. 484, L. R. A. 1915A, 1141, Ann. Cas. 1912D, 319; Middleton v. Denhardt, 261 Ky. 134, 87 S. W. (2d) 139; Fluke v. Canton, 31 Okl. 718, 123 P. 1049; Advisory Opinion to the Governor, 74 Fla. 92, 77 So. 87, and cases cited in Miss. Constitutions 729 to 749.

The judgment of the court below is affirmed.
Affirmed.