## MILLER ET AL. *v*. STATE.

### [93 South. 2, No. 22435.]

1. SEARCHES AND SEIZURES. *Search warrant, not specially designating place to be searched and thing to be seized, when issued, void.*
   A search warrant is void, which does not specially designate the place to be searched and the person or thing to be seized, when issued.

2. CRIMINAL LAW. *Corpus delicti cannot be proven by confession of accused alone.*
   The *corpus delicti* must be proven *aliunde* a confession.

APEAL from circuit court of De Soto county.
HON. GREEK L. RICE, Judge.

Will Miller and another were convicted of unlawfully manufacturing intoxicating liquor, and they appeal. Reversed, and appellants discharged.

*R. E. L. Morgan,* for appellant.

The court should have sustained motion for appellant to exclude the testimony of state and discharge defendants. All the testimony was based on knowledge acquired in searching the premises without a search warrant and such evidence is not admissible. See *Tucker* v. *State,* 90 So. 845, et seq.

The alleged search warrant was merely an attempt on the part of the officers to evade the law in reference to obtaining a writ of search and seizure and by this method was conferring a power upon themselves that section 23 of our state constitution prohibits. They supplied themselves with an alleged warrant for search and seizure and

had the justice of the peace to sign same, leaving out
the name of the person to be seized and whose premises
were to be searched. Armed with this blank paper they
would go forth and search and seize at their will and thus
assume a power denied by the constitution. This was not
a warrant for search and seizure. At the time it was is-
sued an "oath or affirmation had not been made specially
designating the place to be searched and the person or
thing to be seized." The place for the names were left
blank and were written in afterwards by some one. See
testimony of J. M. Weissinger, J. P., p. 17, cross-examina-
tion.

The alleged confessions if made at all were made under
duress and all the evidence offered by the State was ob-
tained in an unlawful manner, and all should have been
excluded from the jury.

*Wm. Hemingway,* assistant attorney-general, for the
state.

The statement of the case as given in the brief of the
appellant is accepted as being correct. There was no evi-
dence introduced by the defendants. But they rely en-
tirely upon the fact that the justice of the peace, before
whom the search warrant was obtained and the affidavit
made, did not write the names of the parties whose prem-
ises were to be searched in the search warrant, but gave
the search warrant in blank with authority to fill in the
blank with any names which the officers might see fit.
It was given to the deputy sheriff and constable to fill
in the names of the defendant in order to proceed to make
a search.

The court is familiar with the definitions of a search
warrant and how it should be obtained. It has not been
possible to find any authority which gives anyone a right
to put the names of anyone in the search warrant. A war-
rant could only be obtained by affidavit designating the
place to be searched and the parties. The court has just
recently passed upon the legality of seizures without a

search warrant, which cases would apply to an illegal search warrant.

After discovering the still in operation, the officers sent for Will Miller, who admitted that he was the guilty party. This was not under duress. He did not have to make the admission. He never objected to the search, made no protest of any kind whatever, acquiesced in all the acts of the officers and agreed to appear in court.

The boy, Robert Miller, made a confession which was not under duress. He was not held in connection with the still or the manufacture of the liquor, but made the acknowledgment to protect the woman. It is respectfully submitted that this does not constitute duress.

The search warrant was not read to anyone, no demand was made for it, but the deputy sheriff admits that he wrote the names of the defendants in the search warrant. The state will have to rest its case upon the admission of the defendant, aside from the search warrant, the admission of Robert which seems to have been secured absolutely free of duress or illegality, and the fact that Will Miller made no protest against searching the premises.

SYKES, P. J., delivered the opinion of the court.

These appellants were indicted and convicted in the circuit court of the charge of unlawfully manufacturing intoxicating liquors.

The uncontradicted testimony in the case shows that several deputy sheriffs went to the home of the defendants, and there made a search of it and found a still used in manufacturing whisky. They also found what is commonly called mash and probably a little whisky. At the time of this search and seizure one of the defendants was at home, but he hid from the officers during their search. The other defendant was in the field. He later came to the house, and when confronted with this evidence stated to the officers that they had caught him. The officers then prepared to arrest the entire family, when the other de-

fendant stated that he was the one who was operating the still.

Prior to this search and seizure, one of these deputies had obtained from a justice of the peace a search warrant. This warrant, however, failed to specify the name of the person or persons to be seized and the place to be searched. After the search and seizure, the name of the persons and the place to be searched were both filled in by some one, probably one of the deputies.

The defendants did not consent to a search of their home and premises. Proper objections were interposed during the trial of the cause to the testimony of the officers about the still and what they found. At the conclusion of all of the testimony the defendants requested that the jury be instructed to find them not guilty, which motion was overruled by the court.

This instruction should have been granted. Before this warrant can be issued, section 23 of the Constitution must be complied with, and this section especially provides that:

"No warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

A blank warrant or a blank affidavit amounts to nothing. This question is ably discussed in the opinion of Justice ANDERSON in the case of *Tucker* v. *State* (Miss.), 90 So. 845. We can add nothing to this discussion.

The state contends that, even though these officers had no authority to make this search and seizure, yet the statements of the defendants above set out are confessions of their guilt. This court has repeatedly held that the *corpus delicti* must be proven *aliunde* a confession. A confession is not proof of the offense. The latest opinion of this court upon this question is that of *Williams* v. *State,* 92 So. 584. This rule is thus stated in that case:

"This court has held many times, and the rule is probably universal in the United States, that the body of the crime charged against a defendant cannot be proven alone by his own confession of guilt"—citing the authorities.

There was no competent testimony of the guilt of these defendants, and the court should have granted the instruction to find them not guilty.

The judgment of the court is reversed, and the defendants discharged.

*Reversed and appellants discharged.*