## BUTLER *v.* STATE.

### [93 South. 3, No. 22555.]

1. CRIMINAL LAW. *Intoxicating liquors. Officers without warrant cannot over objection, search automobile for whisky; evidence of unlawful search inadmissible.*

   Officers have no right, over the objection of a defendant, to search his automobile for whisky, and the testimony of these officers that they found whisky in a car thus searched is inadmissible; so, also, is the introduction of the whisky found under these circumstances.

2. CRIMINAL LAW. *Corpus delicti must be proven, independently of confession.*

   The *corpus delicti* cannot be proven alone by a confession, but must be proven *aliunde* the confession.

APPEAL from circuit court of Tate county.

HON. GREEK L. RICE, Judge.

Will Butler was convicted of knowingly transporting intoxicating liquors, and he appeals. Reversed, and appellant discharged.

*W. J. East,* for appellant.

Sections 23, and 26, Constitution, violated. There are several errors that might be presented, but I will confine this argument to the very glaring one presented in the assignment of errors as No. 2, which presents the question of conflict with sections 23 and 26, Constitution of Mississippi.

Section 23 reads: "The people shall be secure in their
persons, house and possessions, from unreasonable seizure,
or search, and no warrant shall be issued without probable
cause, supported by oath or affirmation, specially desig-
nating the place to be searched and the person or thing to
be seized."

Section 26 guarantees to defendants that they shall be
confronted by the witnesses against them . . . and
shall not be required to give evidence against themselves.

Section 23, quoted above, is practically a rescript of the
fourth amendment to the Federal Constitution, and Sec-
tion 26 is identical with the fifth amendment to the extent
that no person shall be compelled to "be a witness against
himself." I have not assigned a breach of Federal Consti-
tution as I understand the United States supreme court to
have held in *National Safe Deposit Company* v. *Stead*, 232
U. S. 58, (58 Law Ed. 504), that the fourth amendment
does not apply to the states, and the provision of both
articles being embodied in the state constitution I am
sure they will be safely guarded.

The facts are undisputed as to the search being made
without warrant. The views expressed by the supreme
court of the United States in *Gouled* v. *U. S.*, 225 U. S.
298 (65 Law Ed. ——), and *Amos* v. *U. S.*, 255 U. S. 313
(65 Law Ed. ——) I should think would be accepted here,
though not binding on the court because the provision
(fourth amendment) dealt with is not applicable to the
states, but we are not left to what that court has said,
and so far as my knowledge extends, the courts of last
resort of every state that have had the question before
them, have been in accord with that court. *State of Wyo-
ming* v. *Theodore Peterson*, and *Same* v. *Charles Romano*,
194 Pac. 13, A. L. R. 12841; *Youman* v. *Commonwealth of
Kentucky*, 224 S. W. 860, 13 A. L. R. 1303.

The note to the above case beginning page 1316 sufficient-
ly reviews the authorities on this question to show the uni-
formity of the courts upon it, and we note that *U. S. F. &
G. Company* v. *State*, 121 Miss. 369, is cited in line with

other holdings on the subject. My attention has just been called to *Read* v. *State,* 90 So. (Ala.) 37 (advance sheet Jan. 14, 1922,) in which the *Gouled* and *Amos cases, supra,* are approved.

The following cases decided by this court without other authority, should be conclusive of the question, the first of which is cited in the note above referred to: *U. S. F. & G. Company* v. *State,* 121 Miss. 369; *Banfill* v. *Byrd, et al.,* 122 Miss. 288; *City of Hattiesburg* v. *Beverly,* 123 Miss. 759.

The question is so clearly decided in the above cases, all of which were civil suits, as to settle, beyond peradventure, what the decision here should be.

*Wm. Hemingway,* assistant attorney-general, for the state.

The question urged upon the court as being sufficient grounds for reversal is the search of the car in Tate county without any papers from Tate county, and that this case is determined by the case of *Tucker* v. *State,* No. 22,355, Division A., rendered by Judge ANDERSON.

In opposition to that contention the state contends that having been armed with the papers and in immediate pursuit of a man transporting liquor, that he could arrest him and search his car while the pursuit was fresh. The court's attention is called to page 20 of the record whereon it is shown that the sheriff of Tunica county asked the defendant if he had any whisky, and he said: "Well, not enough to drown a man." Mr. Cox asked him where it was and he said: "there in the car," I believe he said. Mr. Cox searched around the car and found it in a pocket in the car—it was nearly a quart. See, also, page 11: "I found him in Tate county—he was having some engine trouble. I got him a mile and a half east of Savage, and I asked him, did he have any whisky and he said, 'Yes, sir, but not enough to drown a man,' and I found half a quart in his car—in the door pocket of his car."

This statement is sufficient to convict without the finding of liquor in the car.

SYKES, P. J., delivered the opinion of the court.

The appellant was convicted of knowingly transporting in his automobile intoxicating liquors over a road of Tate county, from which judgment he prosecutes this appeal.

The testimony in the case was to the effect that the appellant lived in Tunica county, and the sheriff of that county, with some deputies, obtained a warrant to search the home and premises of appellant for intoxicating liquors. This search was made, but the appellant was not at home at the time. These officers of Tunica county then followed the car of the appellant into the county of Tate, and overtook it somewhere on a public road. In the car was the appellant, his wife, and son. The officers exhibited their pistols and asked the appellant whether or not he had any whiskey in the car or on his person, to which he replied, in effect, not enough to drown a man. They then proceeded to search the car and found some whisky in a bottle.

They had no proper warrant, from Tate county, or as a matter of fact they had obtained no warrant in Tunica county to search his automobile; consequently this was an unlawful search and seizure of the whisky. *Tucker* v. *State* (Miss.) 90 So. 845; *Miller* v. *State,* 93 So. 2, opinion this day delivered. Since the search was unlawful, the testimony as to the finding of the whisky in the car was inadmissible.

Neither can the *corpus delicti* be shown alone by the statement of the appellant made to the officers, even if it could be construed as a confession. As stated in the *Williams case* (Miss.), 92 So. 584, in which all of the authorities are cited, and also in the opinion in the Miller case, this day delivered, the *corpus delicti* must be proven independently of or *aliunde* the confession.

The judgment of the lower court is reversed, and the appellant discharged.

*Reversed and appellant discharged.*