MATTHEWS v. STATE.*

(En Banc.    March 31, 1924.    Suggestion of Error Overruled May 26, 1924.)

[100 So. 18.    No. 23320.]

1. SEARCHES AND SEIZURES. *Search warrant directed to any lawful officer and executed by sheriff held not void.*

Under section 2088, Hemingway's Code (Laws 1908, chapter 115), providing that the search warrant herein provided for shall be directed to the sheriff or any constable, a warrant issued and directed "to any lawful officer of said county" is not void, where it is delivered by the justice of the peace to the sheriff to be executed and is executed by him. Under section 2945, Heming-

way's Code (section 3938, Code 1906), it is provided that any process may be amended, and that failure of the officer issuing it to insert any matter in or on such process shall not make it void.

2. JUSTICES OF THE PEACE. *Law providing issuance under seal held not applicable to process issued by justice of the peace.*

Section 2919, Hemingway's Code (section 3912, Code 1906), providing that process shall be issued by the clerk and shall have the seal of the court impressed thereon, or its absence accounted for, except in cases otherwise provided for, has no application to process issued by a justice of the peace who is not required by law to have or use a seal. Process by a justice of the peace is otherwise provided for in the chapter on justices of the peace.

3. SEARCHES AND SEIZURES. *Affidavit for search warrant held sufficient as to description of premises.*

A description in an affidavit for a search warrant under section 23 of the Constitution of 1890, describing the premises, as "on the premises occupied by L. A. Matthews, in district No. 5, about fourteen miles northeast of Hazlehurst, in said county and state," is sufficient, where the caption shows the county and state where the premises are situated. Where the premises are described sufficiently to enable the officer to certainly locate the place to be searched and sufficiently specific and definite to enable the occupant of the premises to know, from the warrant, the place the officer is directed to search, it will be sufficient to comply with said section. It does not require the technical description of a deed of conveyance.

SMITH, C. J., and SYKES, J., dissenting.

---

*Headnote 1. Searches & Seizures, 35 Cyc., p. 1267; 2. Intoxicating Liquors, 33 C. J., section 378; 3. Searches & Seizures, 35 Cyc., p. 1266.

APPEAL from circuit court of Copiah county.

HON. D. M. MILLER, Judge.

L. A. Matthews was convicted of the unlawful manufacture of intoxicating liquors, and he appeals. Affirmed.

*J. F. Guynes,* for appellant.

All evidence obtained by virtue of search unwarranted because of not following section 2088, Hemingway's Code, is inadmissible and incompetent. See sections 23 & 26,

Mississippi Constitution, *supra;* Hemingway's Code, sec. 2088, *supra; Miller* v. *State,* 93 So. 2; *Tucker* v. *State,* 128 Miss. 211; *State* v. *Patterson* (Miss.), 95 So. 96. The said affidavit designates the place where liquors are manufactured, etc., as "premises" of said Matthews, whereas the search warrant directs the search of "the residence, premises, automobile and all outhouses for said liquors, etc." Under a proper construction, the warrant which undertakes to enlarge the scope of search is rendered void thereby. If not wholly vitiated, then all places not designated in the affidavit are improperly inserted and give no authority to the officers for search of those places. "Premises" alone remain as the place to be searched. We submit this term is too general and indefinite to meet the requirements of the statute under consideration. The constitution requires the affidavit shall "specially designate the place to be searched." The statute requires that the "room or building designated in the affidavit." The warrant shall command the officer "to enter the room or building designated."

No general and indefinite description such as "premises" approaches the requirements of the statutory or constitutional requirements. This court in *State* v. *Moore,* in construing this "term" says: "The word 'premises' in the indictment does not necessarily or even ordinarily mean a dwelling house or the yard or curtilage thereof." *State* v. *Moore* 24 So. 308.

*S. C. Broom,* Assistant Attorney-General, for the state.

We are familiar with section 2088 of Hemingway's Code, which is a statute authorizing the issuance of a search warrant for intoxicating liquors, etc., but in the present case there was an affidavit for a search warrant and a search warrant. The affidavit charges that the affiant has reason to believe and does believe that intoxicating liquors are manufactured, given away, and sold in

violation of law on the premises occupied by L. A. Matthews in District No. 5, about fourteen miles Northeast of Hazlehurst, etc., and further recites that the suspicion is not feigned of malice but is founded on creditable information.

The search warrant recites the substance of the affidavit and commands the officer to proceed and search the residence, premises, automobiles, and all outhouses, for said liquors and any such vessels and appliances, etc., and this was returnable *instanter.*

Having in mind the constitutional provision with reference to search warrants and the statutory requirements with reference to search warrants, we are of the opinion that the affidavit and search warrant in this particular are very full and complete. We concede the law to be that if there had been no search warrant in this case, then any evidence obtained by means of an unlawful search could not have been introduced on the trial of this case. But the authorities relied upon by counsel in this case as we understand it do not pretend to hold that in a case of this kind where there was a valid search warrant issued in compliance with the terms of the statute that evidence thus obtained would not be admissible.

*J. F. Guynes,* for appellant in reply.

The state in its brief in this cause, in our opinion, discounts the force of both the Constitution and statutory requirements as to description of place to be searched and the property to be seized. The word "premises" and the words said "liquors, vessels and appliances" as used in the affidavit, with no other words more particularly describing the place to be searched and the property to be seized, is too vague and indefinite to meet the requirements of the Constitution or the statute of Mississippi. The search warrant must be no broader in its terms designating the place to be searched and the thing to be seized than is the affidavit. We are, therefore, confined,

in considering this case, to the words "premises" for description of the place and to said "liquors" and to "vessels and appliances" for the description of the thing to be seized.

The word "premises" has been construed by our own court in *Rignall* v. *The State*, 98 So. 444.

The search warrant is directed to "any lawful officer of Copiah county." Section 2088, Hemingway's Code, requires the search warrant shall be directed to the sheriff or any constable of the county. It was never the intention of the law that a warrant to search for intoxicating liquors should be issued promiscuously or to an unnamed official but it is the duty of the justice of the peace when issuing a search warrant to select and name the officer to be intrusted with the execution of such an important writ. The mere fact that the writ might have been afterwards executed by the sheriff, can add nothing to the validity for the writ must stand or fall by its own merits.

Argued orally by *J. F. Guynes,* for appellant and *Harry M. Bryan,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of manufacturing intoxicating liquors, and sentenced to the penitentiary for three years; from which judgment he appeals.

The evidence introduced against the appellant was procured by a search of the premises of the appellant under an affidavit and search warrant alleged to be faulty by the defendant. The affidavit for the search warrant reads as follows:

"State of Mississippi, County of Copiah.

"This day D. T. Lowe came and personally appeared before the undersigned, a justice of the peace of the first supervisor's district of said county, and makes oath that he has reasons to believe and does believe that intoxicating liquors are manufactured, given away, and sold in

violation of law on the premises occupied by L. A. Matthews, in district No. 5, about fourteen miles northeast of Hazlehurst, in said county and state,'' etc.

The search warrant was addressed ''To Any Lawful Officer of Copiah County,' and recites the making of the affidavit, and commands the officer—''with such aid as shall be needful you do proceed in day or night to enter by breaking, if necessary, and diligently search the residence, premises, automobiles, and all outhouses for said liquors, and any such vessels and appliances, making known to the occupant thereof, if any, your authority for so doing,'' etc.

The evidence was objected to on the trial and exceptions taken to its admission, and the only evidence was the evidence of the officers obtained by means of search made under the search and affidavit; and the evidence was found, part in an outhouse near the residence, and part in the different rooms in the dwelling, and part in the possession of the defendant.

It is contended that the search warrant is void because it is not addressed to the sheriff or constable as required by section 2088, Hemingway's Code (chapter 115, Laws of 1908). This section, after providing for the affidavit, provides: ''It shall be the duty of any justice of the peace . . . to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff, or any constable or marshal, or policeman therein,'' etc.

The warrant here is addressed ''To Any Lawful Officer,'' but was delivered to the sheriff for execution. We do not think that addressing the warrant ''To Any Lawful Officer'' vitiates it. It was delivered to and executed by the sheriff, to whom section 2088, Hemingway's Code, authorized it to be delivered to be served. Under the statute he has full authority to execute the warrant. Section 2945, Hemingway's Code (section 3938, Code of 1906), provides:

"If any matter required to be inserted in or indorsed on any process be omitted, such process shall not on that account be void, but it may be set aside as irregular, or amended on such terms as the court shall deem proper; and the amendment may be made upon an application to set aside or quash the writ."

There seems to have been no specific motion made to quash the warrant for this defect, but, if there had been, it may have been amended and would not have avoided the writ.

It is also urged that the warrant did not have the seal thereon, nor was the absence of the seal accounted for. Counsel cite section 2919, Hemingway's Code, *Pharis* v. *Conner*, 3 Smedes & M. 87, and *Burton* v. *Cramer*, 123 Miss. 848, 86 So. 578.

Section 2919, Hemingway's Code (section 3912, Code of 1906), is not applicable to a proceeding before a justice of the peace, because the process before a justice of the peace is otherwise provided for, and a justice of the peace is not required to have or keep a seal, and, in fact, but few justices of the peace keep a seal at all.

It is next contended that the affidavit is insufficient to comply with section 23 of the Constitution, because the place is not sufficiently described. The language of the Constitution is:

"No warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

In *Loeb* v. *State* (Miss.), 98 So. 449, we held that the Constitution did not require such a description as would be sufficient in a deed of conveyance, but that any description that will clearly and certainly enable the officer to locate the place to be seached was sufficient. In the present case the description in the affidavit is "on the premises occupied by L. A. Matthews in district No. 5, about fourteen miles northeast of Hazlehurst, in said county and state." This description very probably would

be sufficient if contained in a contract to convey the premises to warrant the court, with the aid of oral evidence, to compel a conveyance. It is not only described as the premises of L. A. Matthews, but ''the premises occupied by L. A. Matthews, in district No. 5, about fourteen miles northeast of Hazlehurst,'' in said county.

In the case of *Rignall* v. *State* (Miss.), 98 So. 444, the warrant only used the term ''searched the premises of Joe Rignall,'' without further words of description. The court said:

''The command of the warrant in the case at bar is to search 'the premises' of the appellant, without describing such premises in any way or designating the county in which they are located. The word 'premises' has varying meanings, usually determined by the context, and when used with respect to property means land, tenements, and appurtenances, and we think a warrant merely to search the 'premises' of a person, without other description, and without any words of limitation as to occupancy or use, or otherwise, and without any designation of the county in which such premises are located, is entirely too broad and indefinite to meet the constitutional and statutory requirement of a specific designation of the place to be searched.''

The premises here, in the opinion of the majority of the court, are sufficiently described to enable the officer to locate the place to be searched, and also sufficiently specific and definite to enable the occupant of the premises to know the place the officer was directed to search, so that both the officer and the citizen could tell from the papers whether the officer was at the right place and had the legal authority to make the search. In our opinion, this is what the Constitution intended the affidavit and the warrant to contain. There is some difference in the authorities in other states about the particularity of the description required under the same or similar constitutional provisions. Some of the states hold that the premises must be described with the same

particularity of the description required in a convey-
ance, while other states hold merely that there must be
such description as will enable the officer by inquiry and
search to find the place.   The various holdings of the
different states will be found in the notes upon the sub-
ject in 3 A. L. R. 1518 et seq., 13 A. L. R. 1318 et seq.,
and 27 A. L. R. 751 et seq.   The constitutional provisions
against searches and seizures is to be construed favor-
ably to the rights of the citizens, and we would not
abridge or restrict his constitutional rights, but in the
very nature of things we do not think that the Constitu-
tion makers intended to have more particularity than
such as would give the information above indicated to
the officer and to the persons whose premises are to be
searched.

The court below held in accordance with these views,
and the judgment will be affirmed.

*Affirmed.*

SYKES, J., dissents.

SMITH, C. J. (dissenting).

I am of the opinion that the search warrant here in
question is void for want of a sufficient description of the
place to be searched.   The description of the premises to
be searched is not only too indefinite to meet the constitu-
tional requirement, but the only statute under which the
warrant could have been issued is section 1749, Code of
1906 (Hemingway's Code, section 2088), which provides
only for the issuance of a warrant for the search of a
"room or building designated in the affidavit."

I am also of the opinion, however, that the evidence is
admissible, notwithstanding the defects in the warrant,
for the reasons set forth in my dissenting opinion in
*Owen* v. *State,* 98 So. 233, but until *Tucker* v. *State,* 128
Miss. 211, 90 So. 845, 24 A. L. R. 1377, shall be overruled,
I must of course adhere to its ruling that evidence ob-
tained by a search without a lawful warrant therefor is
inadmissible.