HOLSTON *v.* STATE.

(Division B. Nov. 9, 1931.)

[137 So. 501. No. 29705.]

Lamar Watson, of Greenville, for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, **for** the State.

**Ethridge, P. J.,** delivered the opinion of the court.

P. H. Pace, a deputy sheriff, made affidavit before a justice of the peace that he had reason to believe, and did believe, that intoxicating liquors were being kept for the purpose of sale in violation of law in the dwelling house, number 313 Muscadine street, in Greenville, Miss., occupied by Pearl Holston in said county and state, and that this belief was not feigned of malice against the said Pearl Holston, but was founded on credible information, in that the affiant was informed by a credible person that such was a fact; and prayed for the issuance of a search warrant to search the premises, which search warrant was duly issued, reciting the affidavit and the description above set forth and directing that a search of said premises be made. The deputy sheriff made the following return upon the warrant: "Returned executed by going upon the premises at 313 Muscadine Street, in the City of Greenville, in said state and county, and delivering to Pearl Holston a copy of this writ, and when I attempted to make a search she grabbed a pot containing about a gallon of whiskey and poured said whiskey into a slop jar containing Lysol."

Upon the trial, it developed that Pace, deputy sheriff, in company with others, went to the house on Muscadine

street occupied by Pearl Holston, but said house was not numbered by having a number indicated thereon, and the deputy sheriff walked in and asked for Pearl Holston. The defendant Pearl Holston admitted him, and stated that she was in the next room, and he went to that room; but just before reaching said room, he heard a noise and turned around, and Pearl Holston was pouring liquor from a vessel into a slop jar. The deputy sheriff seized the vessel which had contained liquor, and handed Pearl Holston the search warrant. He smelt the vessel, and testified that it was whiskey, and he also put some on the floor, applied a match thereto, and it burned. On the following day he arrested the defendant for having the unlawful possession of intoxicating liquor.

According to the evidence of the defendant, there was no liquor in the house at said time, and when the officers came in and asked for Pearl, and there were two women in the house named ''Pearl'' at the time, defendant stated that she did not know which Pearl he meant, and told the deputy sheriff that Pearl was in the other room, thinking he wanted the other Pearl.

Some men who were in the house testified to like effect, and also that there was no liquor that they saw.

The jury, in the county court, returned a verdict of guilty, and the case was appealed to the circuit court, and was there affirmed.

The principal contention is that the search warrant was void and the officer was a trespasser, first, because the proof showed that the house occupied by Pearl Holston, defendant, was not 313 Muscadine street, but was 313½ Muscadine street; that the house numbered 313 Muscadine street was occupied by a different person, and was not actually searched.

It appears from the testimony that neither 313 nor 313½ Muscadine street had numbers upon the houses that could be seen, but that the two houses were situated

on Muscadine street between 311 and 315, which houses had numbers on them.

The state admitted on the trial that if the house had been properly numbered, it would have been numbered 313½ Muscadine street.

It will be noted from the record that the description of the premises to be searched was a house occupied by Pearl Holston. It was also described as being numbered 313 Muscadine street.

We have heretofore held that the description of premises to be searched is not required to be as technical as in a deed of conveyance, for the purpose of requiring a description in a search warrant is first to inform the officer by the warrant where the premises are, or may be found, and, second, to enable the owner to determine whether the officer has legal authority to make a search, so that resistance will not be made, or should not be made, to the search.

We think whether the description is 313 Muscadine street, or merely the house occupied by Pearl Holston on Muscadine street in the city of Greenville, either would be a sufficient description.

Taking into consideration the fact that the house contained no number by which it could be identified, the officer would be permitted to locate the premises occupied by Pearl Holston, and, if he found such dwelling so occupied, he would be permitted to search same under the warrant, although the number of the house was erroneously inserted in such warrant; there being no visible number on the house to guide the officer.

It was competent, therefore, for evidence on the affidavit and search warrant to be admitted as justifying the search; and therefore the officer was not a trespasser on the premises, and the evidence obtained by him by means of the search warrant was admissible on the trial.

It is next contended that the officer had not served

the search warrant at the time he discovered the liquor and seized the vessel in which it was contained.

We think the officer, having been admitted by the defendant Pearl Holston, and asking where she was, and being misdirected by her, shows that she knew he was an officer for some purpose, and that when he heard a noise and turned and handed her the search warrant at the time he seized the vessel, being the first time he knew that the defendant was the person for whom the search warrant called, that was a sufficient service of the warrant, under the circumstances, to uphold the search.

The court instructed the jury for the state as follows: "The court instructs the jury for the State that if you believe from the evidence in this case, beyond all reasonable doubt, that the premises and the residence searched were the premises and was the residence used and occupied by the defendant, and that intoxicating liquor was found upon such premises, or in such residence, and that such liquor so found was in the conscious possession of the defendant, or under her control, then it is your sworn duty to convict the defendant, and this is true whether the residence so searched was Number 313 or 313½."

We think the instruction is not reversible error under the facts in this case; the dominant things about the search and about the guilt were having the liquor in possession of the defendant at the place where she resided on Muscadine street, in the city of Greenville, Miss.

We find no reversible error, and the judgment of the court below is affirmed.

Affirmed.