CANGELOSI v. STATE.

(Division B. March 11, 1935. Suggestion of Error overruled March 25, 1935.)

[159 So. 846. No. 31547.]

Price, Cassidy & McLain, of McComb, for appellant.

J. Gordon Roach, of McComb, and **W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted in the court of a justice of the peace of Pike county of the crime of the unlawful possession of intoxicating liquor. He appealed to the county court where there was a trial de novo, resulting in his conviction again. A fine of one hundred dollars and costs was imposed in both courts. From the judgment of the county court, he appealed to the circuit court, where the judgment of the county court was affirmed.

From the judgment of the circuit court, he appeals to this court, by authority of section 705, Code of 1930, which provides, among other things, that there shall be no appeal to the Supreme Court in any case, civil or criminal, which originated in a court of a justice of the peace, or municipal court, and was thence appealed to the county court, and thence to the circuit court, unless a constitutional question is necessarily involved, and then only upon allowance of the appeal by the circuit judge or by a judge of the Supreme Court. This appeal was allowed by one of the judges of the Supreme Court, the circuit judge who tried the case having declined to allow an appeal.

The constitutional question involved is whether or not the evidence upon which appellant was convicted was procured by an illegal search of his cold drink and sandwich place where the liquor was found. Appellant's contention is that the search was illegal because the place searched and where the liquor was found (the cold drink place) was not sufficiently described.

Appellant owned and operated a place of business in the city of McComb known as Joe-Joe Service Station, located eight or ten blocks from Main street and on United States Highway No. 51. Appellant owned the entire building, and connected therewith was what is commonly known as a filling station, a place where gasoline and other petroleum products used in the operation of motor cars are sold. In another part of the building appellant resided—it was his home—and in still another part was his soft drink and sandwich stand; this is where the liquor was found.

The affidavit and search warrant are the usual printed forms with the blanks filled in; they describe the place to be searched in the following words: "In the 4 district of said Pike county, Mississippi, and on Section———— Township————Range————in said Pike county, Mississippi, and more particularly described as follows: Jo Jo

Service Station, Joe Cangeliso (Proprietor) in McComb, Miss., about eight or ten blocks from Main Street on Highway 51, in violation of the laws of the state of Mississippi."

·The evidence showed that appellant's establishment—filling station, cold drink and sandwich stand, and residence—was known as Joe-Joe Service Station. If, in an affidavit and search warrant, the description of the premises to be searched is sufficiently definite to enable the officer making the search to locate the place to be . searched and to enable the occupant to know from the warrant the place the officer is directed to search, it is sufficient. Loeb v. State, 133 Miss. 883, 98 So. 449; Matthews v. State, 134 Miss. 807, 100 So. 18; Borders v. State, 138 Miss. 788, 104 So. 145; Holston v. State, 161 Miss. 654, 137 So. 501. The evidence showed that the officer knew that appellant's whole establishment was known as Joe-Joe Service Station, and so did appellant. There could have been no misunderstanding by either as to the place to be searched. The authorities relied on by appellant are not at all in conflict with those cited above.

Affirmed.