WILLIAMS *v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 692. No. 35897.]

**J. H. Garth**, of Hazlehurst, and **H. C. Stringer**, of Jackson, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court. Appellant was convicted in the Circuit Court of Copiah

County under an indictment charging possession of the integral parts of a distillery. Section 2632, Code 1942.

The evidence was procured by the authority of a search warrant issued by a justice of the peace, and the attack on the judgment of the trial court is largely predicated upon objections to the validity of the search warrant, and admissions of the evidence obtained thereby. The first objection is that the handwriting in the affidavit and the search warrant is illegible so that it was impossible for the officer with certainty to execute it. There is nothing in this contention. The original is filed with the record, and while the chirography is far from Spencerian copy-book style, it is correctly copied in the transcript.

It is next argued that "the delineation of the specific location of the premises to be searched" does not "sufficiently designate the same, so that said description would be free from constitutional objections." The search warrant describes the location to be searched as ". . . in the dwelling house, outhouses . . . on the premises . . . used or occupied by Gilbert Williams on the place of H. W. Conn on cross roads 2 miles south of Soreby's Store in 2nd house on left side of road in said county and state." Section 23 of the Constitution of 1890 requires that the people shall be secure in their persons, houses and possessions from unreasonable searches and seizures. Section 2617, Code of 1942, authorizes the form of a search warrant, and among other things therein are spaces, in which may be inserted the section, township and range on which the place to be searched is located. The omission so to utilize such spaces forms a substantial part of the gravamen of the complaint against the validity of the search warrant, and consequently the admissibility of the evidence introduced at the trial.

Appellant cites Miller et al. v. State, 129 Miss. 774, 93 So. 2, wherein it was held that a search warrant is void, which does not specifically designate the place to be searched, and the person or thing to be seized. However, in the case at bar, the officer could and did locate

the place to be searched from the description in the search warrant. This is sufficient under such decisions as Cangelosi v. State, 172 Miss. 252, 159 So. 846; Collins v. State, 178 Miss. 548, 174 So. 61; Smith v. State, 187 Miss 96, 192 So. 436. We have carefully examined the following authorities cited by appellant and do not find them inconsistent with the cases above listed, or in conflict therewith, on the issue here presented: Turner v. State, 133 Miss. 738, 98 So. 240; Livelar v. State, 98 Miss. 330, 53 So. 681; Bouchillon v. State, 179 Miss. 791, 177 So. 34; Simmons v. State, 179 Miss. 713, 176 So. 726; Bradley v. State, 134 Miss. 20, 98 So. 458; Miller et al. v. State, 129 Miss. 774, 93 So. 2; Giles v. United States, 1 Cir., 284 F. 208.

Since the evidence before the jury was obtained at the location described in the search warrant, and the parts of the distillery were in the possession of appellant at said place, and the description was definite enough to meet the requirements of the statute as against the attacks herein made thereon, the evidence was competent and admissible. It justified the verdict of the jury. The appellant-cited cases of Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; Butler v. State, 129 Miss. 778, 93 So. 3; Taylor v. State, 129 Miss. 815, 93 So. 355, therefore, need not be discussed in this opinion.

We find no reversible error in the record and the judgment of the lower court is affirmed.

Affirmed.