GILLESPIE, Presiding Justice.
From a conviction in the Circuit Court of Tate County for the possession of intoxicating liquor (second offense), Rainey Cole prosecutes this appeal. We affirm.
Upon the affidavit of Constable Lamar Jamison, a search warrant was secured in the late afternoon of September 21, 1968, for the search of the residence of Rainey Cole (hereinafter defendant) and the surrounding area which was described in the search warrant as being located
* * * in the_District of said Tate County and on Section -, Township _, Range _ in said County, and more particularly described as follows: Go to Bett, Miss., go south to canal bridge, then go to 3rd house on west side of road. House being a 2 or 3 room tenant house with a tin roof.
About 8:15 p. m. Jamison and Tate County Deputy Sheriff Robert Roberts parked within four hundred yards of defendant’s house in front of which a car stopped shortly thereafter. Next a man, carrying a flashlight, was observed leaving the rear of defendant’s house and walking fifty to seventy-five feet to a small shed where he remained for nearly five minutes. The man, returning to the house, hesitated for a couple of minutes at the rear before reentering. When the car left, the-officers proceeded to defendant’s house into which Jamison entered through the front while Roberts stood at the locked back door. Inside Jamison found defendant seated in the front room with a flashlight beside his left leg. When Jamison presented the search warrant to defendant, Mrs. Cole, who had also been seated, arose and ran into the north bedroom where she overturned a syrup bottle containing “white whiskey.” Jam-ison positioned the bottle upright before the contents were completely emptied onto the floor. During this time defendant remained seated. Both officers then searched the surrounding premises and discovered a gallon jug under the back door steps near where the man had earlier been seen to pause. With soil adhered to its damp surface, the jug contained a tablespoon of “white whiskey.” About seventy-five yards from the small shed more gallon jugs were found as were several holes in the ground slightly larger in size than a gallon jug. Thereupon defendant was arrested.
The testimony is conflicting as to the principal question embodied in the present appeal. Defendant assigns as error that the evidence is insufficient to establish that the defendant had responsible possession of the confiscated intoxicating liquor. Jami-son testified that while in defendant’s house the possession of any of the intoxicating liquor was neither denied by defendant nor asserted by his wife. Roberts, having been outside at the time, saw no one in possession of the syrup bottle except Jamison. In conflict with the testimony of Jamison was that of Mrs. Cole who stated that when her husband was arrested, she informed Jamison that the syrup bottle belonged to her. However, Mrs. Cole denied knowledge or ownership of any liquor outside the house.
Defendant contends that the testimony of Mrs. Cole rebuts the presumptions that (1) the husband, as head of the household, controls the contents thereof, and (2) intoxicating liquor found on premises of which the defendant is in possession and control, is likewise in his possession and control. Although the evidence relating to *445 the possession of the liquor contained in the syrup bottle is conflicting, the state presented a prima facie case of possession in defendant. It was within the province of the jury after considering all of the surrounding circumstances, together with the interest of the witnesses, to determine that defendant-husband was unlawfully in possession of intoxicating liquor which his wife claims control. Christian v. State, 250 Miss. 819, 168 So.2d 532 (1964). Furthermore, since Mrs. Cole denied possession of the gallon jug found under the back steps, there was no evidence to rebut the presumption of responsible possession in defendant as to the liquor contained therein.
Defendant maintains that the description of the property to be searched in both the affidavit for the search warrant and the search warrant was insufficient to enable the law enforcement officers to locate the property with reasonable certainty and it therefore is unconstitutionally vague. The failure to designate the district, section, township, and range within which the place to be searched was located and the alleged inadequacy of the provided directions form the gravamen of this assignment of error. Upon recognizing the problem of properly describing the location of rural property, this Court upheld a markedly similar search warrant in Williams v. State, 198 Miss. 848, 23 So.2d 692 (1945). Descriptions in search warrants need not be positively specific and definite, but are sufficient if the places and things to be searched are designated in such manner that the officer making the search may locate them with reasonable certainty. West v. State, 42 So.2d 751 (1949); Smith v. State, 187 Miss. 96, 192 So. 436 (1939); Cangelosi v. State, 172 Miss. 252, 159 So. 846 (1935). In the case at bar, the officers could and did locate the place to be searched from the description in the search warrant.
Defendant further contends that the circuit court erred in permitting the State to make a return on the search warrant during the trial and argues for the adoption of a rule requiring a search warrant to be so amended before trial. In Wince v. State, 206 Miss. 189, 39 So.2d 882 (1949), the Court stated that:
[I]t would be an anomaly for us to hold that the mere failure of the officer to make his return upon the search warrant would relate back and make unlawful that which the law says was lawful at the time the search was being made * * * We are unwilling to hold that the failure to make' a return on the search warrant invalidates the search and makes the testimony incompetent as to the articles recovered by the search. This is neither good law nor logical reasoning. (206 Miss, at 200, 39 So.2d at 884-885).
The remaining assignments of error are either without merit or raised for the first time on this appeal. The conviction of defendant is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.