SUGG, Justice,
for the Court:
This appeal is from the Circuit Court of Newton County wherein Sheldon Gooch was indicted, tried and convicted for armed robbery and sentenced to life imprisonment.
The sole assignment of error is:
The lower court committed reversible error in not continuing this cause under Section 11-1-9 of the Mississippi Code of 1972, as amended, where counsel was a Legislator in session during the Court term.
Defendant was indicted and arraigned on Wednesday, March 21, 1979, for armed robbery committed on Sunday, March 4, 1979. The court appointed an attorney to represent defendant on March 22 and the case was set for trial on the following Monday, March 26. The court appointed attorney filed a motion to examine physical evidence and obtain statements or copies of documents and other evidence and also a motion for a severance. The motions were filed on March 23.
When the case came on for hearing on March 26 the court appointed attorney filed a motion requesting that he be discharged from further representation of the defendant because defendant had employed Miss Helen J. McDade as his attorney on March 25, 1979. Defendant’s attorney filed a motion for continuance under section 11-1-9 Mississippi Code Annotated (Supp.1979) asserting that defendant was entitled to a continuance until the next regular term of court. The court entered an order denying the continuance until the next term of court but continued the case for trial on Monday, April 2, 1979. In its order the court noted that the defendant was brought before the court on Thursday, March 22 and stated he was attempting to employ an attorney. The court appointed an attorney for the defendant and before defendant was arraigned an associate of the appointed attorney announced to the court that the parents of defendant were conferring with Miss Helen J. McDade, in an effort to have her represent the defendant. Miss McDade was a member of the House of Representatives of the Mississippi Legislature representing the twenty-fourth district at that time. Section 11-1-9 Mississippi Code Annotated (Supp.1979) provides:
*76 In any cause now pending or which shall hereafter be pending before any court of this state or before any administrative board, agency or commission of this state or before any court or administrative agency or any county or municipality of this state in which an application for continuance is properly made, predicated upon the ground that the counsel for the party making said application is a member of the Mississippi legislature and if said application is made at a time when the legislature is in session, either regular or extraordinary, or if said legislature will be in session at the time that said cause would be triable, then the continuance shall be granted in all cases.
The statute does not require that a continuance granted thereunder shall be to a subsequent term of court and does not require a continuance of any definite duration. In the absence of controlling statutory provisions, the length of time for which a continuance may be granted rests within the sound discretion of the trial court. 22A C.J.S. Criminal Law ¶ 522 (1961).
The trial judge continued the case to the day following the adjournment of the legislature, and we hold that this did not violate the statute because defendant was not entitled to a continuance to the next term of court.
The constitutionality of the statute was not questioned, so we express no opinion whether it is an unwarranted invasion of the judicial power which is separate under our Constitution. Article 1, Sections 1 and 2, Mississippi Constitution of 1890.
Defendant also argues under his assignment of error that the trial court abused its discretion in refusing a continuance past April 2 because his attorney did not have sufficient time to prepare the trial of the case. After the first motion for continuance was overruled, defendant filed a second motion for continuance on March 29 on the ground that he was entitled to a continuance under section 11-1-9 Mississippi Code Annotated (Supp.1979) and also that his attorney had not had adequate time to prepare his case because his attorney was a member of the Mississippi Legislature which would not adjourn until April 1,1979. The House Journal shows that the Mississippi Legislature adjourned sine die at 6:00 o’clock p.m. on April 1, 1979.
Mississippi Supreme Court Rule 6 requires defendants to set out specifically and particularly each error asserted and provides that: “No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.”
We decline to notice this argument as a plain error because the proof in the case is overwhelming of the guilt of the defendant.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P.JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.