483 So.2d 331 (1986)
John V. POOL, III
v.
STATE of Mississippi.
No. 55944.
Supreme Court of Mississippi.
February 5, 1986.
Rehearing Denied February 26, 1986.
*332 H.C. Moynihan, Laurel, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
John Pool was indicted, on February 27, 1984, for possession of several Schedule II drugs, and, after arraignment and appointment of counsel on July 24, 1984, trial was set for July 31, 1984.
Pool's counsel moved for an unspecified continuance on July 30, 1984. At a pretrial hearing, the trial judge rescheduled the trial for the last week of the July term. The case came on for trial on August 6, 1984, apparently without objection from defense counsel.
The jury found Pool guilty as charged. He was sentenced to 25 years in the Mississippi State Penitentiary, plus payment of a $50,000.00 fine and all costs.
Pool appeals, assigning as error the following:
I. The trial court erred in refusing to grant the Motion to Quash the Search Warrant and the return thereon and to suppress the evidence obtained thereby.
II. The trial court erred in refusing to grant sufficient time for appellant's counsel to prepare the defense of this case.
III. The trial court erred in refusing to grant the motion for a directed verdict of not guilty at the conclusion of the State's case.
IV. The trial court erred in limiting and restricting the testimony of the defense witness Dan Wise concerning prior inconsistent statements of a State's witness.

STATEMENT OF FACTS
Laurel police arrested Vance Steverson, either on the night of November 3rd or the early morning hours of November 4th, on a drug violation. After the arrest, Steverson informed the police that a quantity of drugs stolen during a drug store burglary in Petal, Mississippi, were stored at John Pool's trailer and in his possession. As a result of receiving that information, the police obtained a warrant to search Pool's residence.
The warrant authorized search of the property occupied and controlled by "Johnny Poole, Mitchell Strickland and Vance Steverson," which was described as follows:
Beginning at the intersection of Holly Street and Church Street in the City of Ellisville, and traveling north on Church Street for 6/10's of a mile to a gravel road; being the entrance to Jones Trailer Park. Turning left onto said gravel road and *333 traveling approximately 50 yards to the 3rd house trailer on the right. Being more specific said house trailer being brown and yellow in color and having a tall wood fence around porch. This being in the City of Ellisville, 1st Judicial District of Jones County, Mississippi. Beat # 4.
The arresting officers testified that the directions indicated on the warrant corresponded with their route, and that Pool's trailer could be located by using those directions.
Upon arriving at the trailer, the officers announced their presence. When no one answered the door, they forced their way inside. Upon finding John Pool inside, an officer testified that he served Pool with a copy of the warrant. Pool's testimony contradicted this, and he asserted that he never saw the warrant until he arrived at the jail. The trial judge overruled the motion to suppress.
The officers found Mitchell Strickland asleep in a bedroom of the trailer. He was awakened by the officers, and both he and Pool were seated in the living room while the search took place. The officers found a red onion bag beneath the bed on which Strickland had been sleeping, and that bag contained the drugs described by Steverson. Pool stated to the officers that the trailer was his, and that the master bedroom (in which Strickland was found sleeping) was also his. This was his testimony at trial also, and it was corroborated by Strickland.
Steverson testified at trial that he and Pool obtained the drugs together and split them between themselves. According to Steverson, Pool told him that he intended to sell his part of the drugs in Hattiesburg. This is the story that Steverson originally told the arresting officers. However, he later told a Hattiesburg police officer that the drugs were not Pool's and that Pool did not know that they were in the trailer. According to Steverson, he made the statement after Pool told him that his father was a friend of the governor's, and could help get him out. Steverson retracted his statement at trial, and he stated that Pool "knew what was going on."
On cross-examination, Steverson admitted that he told others that the drugs were entirely his. He was asked about a statement allegedly made to Dan Wise, who represented Pool in another criminal case. The following exchange between Steverson and defense counsel ensued:
Q. Didn't you tell Mr. Wise at the Forrest County Jail sometime in early May of this year when you were confined down there and he talked to you in that jail, didn't you tell him that Johnny Pool did not know or have anything to do with the drugs that were found at his trailer?
A. I don't remember it.
Q. Mr. Steverson, would you deny it?
A. I won't deny that I told him that, no.
Steverson also admitted that the District Attorney had promised to nolle prosequi a charge of possession of drugs, in return for his testimony, and that the DA "would try and help me because he believed that I have learned my lesson."
The defense called Dan Wise to testify to the conversation between himself and Steverson. The prosecutor's objection to the testimony was sustained, on the grounds that Steverson had admitted the conversation. After the proffer, the following exchange took place:
THE COURT:
Why isn't it hearsay testimony?
MR. MOYNIHAN:
Why isn't it?
THE COURT:
Yes.
MR. MOYNIHAN:
Because it is evidence of a contradictory or an inconsistent statement made by the other witness.
THE COURT:
What is inconsistent about it?
MR. MOYNIHAN:
As I understood the witness, he did not admit having made any statement to Mr. Wise.
... .

*334 THE COURT:
All right. In that event, it is not necessary to look it up because he didn't deny it.
It wouldn't be contradictory to what he said.
I sustain the objection to this testimony.
Pool was found guilty as charged and sentenced to 25 years, with a $50,000.00 fine.

I.

THE SEARCH WARRANT.
Pool's first assignment of error deals with the trial court's failure to quash the search warrant and return and its failure to suppress the evidence derived thereby. In his brief, he states as grounds that: (1) the description on the warrant of the property to be searched was overly vague and uncertain, and a person unfamiliar with the area could not have found the property by using that description; (2) that the uncorroborated testimony of Officer Landrum as to service of the warrant was insufficient in light of Pool's denial; and (3) that the state should have prosecuted "those charged with crime on the evident and apparent crimes these persons are guilty of and not to trade off one defendant against another for the purpose of ammassing [sic] evidence of a more serious nature against one of the defendants."
The Mississippi Supreme Court has repeatedly held that:
Descriptions in search warrants need not be positively specific and definite, but are sufficient if the places and things to be searched are designated in such manner that the officer making the search may locate them with reasonable certainty.
Cole v. State, 237 So.2d 443 (Miss. 1970). See also Williams v. State, 198 Miss. 848, 23 So.2d 692 (1945); Holston v. State, 161 Miss. 654, 137 So. 501 (1931); Matthews v. State, 134 Miss. 807, 100 So. 18 (1924); Bradley v. State, 134 Miss. 20, 98 So. 458 (1923).
The description given on the warrant "is not required to be as technical as in a deed of conveyance... ." Holston, 161 Miss. at 659, 137 So. at 503. The purpose of the description given is:
[F]irst to inform the officer by the warrant where the premises are, or may be found, and, second, to enable the owner to determine whether the officer has legal authority to make a search, so that resistance will not be made, or should not be made, to the search.
Id. See also Matthews, 134 Miss. at 814, 100 So. at 20.
Finally, where the officers not only could, but did, locate the property by means of the description given in the warrant, that factor is evidence that the legal description was sufficient. Cole, 237 So.2d at 445; Williams, 198 Miss. at 851-52, 23 So.2d at 693.
In this case, the warrant sets out in some detail the exact location of Pool's trailer. Officer Landrum testified that the officers followed the route given on the warrant on the night of the arrest. Two officers who were familiar with the area testified that a person could get to Pool's trailer by using these directions. Another who was not familiar with the area testified that he could have gotten to the trailer by using those directions.
In the suppression hearing, the judge was required to act as the finder of fact on whether the warrant was adequate. While there was conflicting evidence in this case as to whether the directions on the warrant precisely described the surrounding terrain, the court apparently accepted the testimony of the officers that the description accurately described their route. "So long as the trial court applies the correct legal standards, we will not overturn a finding of fact made by a trial judge unless it be clearly erroneous." Neal v. State, 451 So.2d 743, 753 (Miss. 1984). The trial judge was not clearly in error on this finding.
Similarly, the issue of whether there was execution of the warrant by service upon Pool involved a question of fact. The officer testified that he served the warrant; *335 Pool testified that he did not. No authority under Mississippi case law holds that the uncorroborated testimony of a police officer may not be used as evidence. Pool's testimony was also uncorroborated. As the Court held in Gathright v. State, 380 So.2d 1276 (Miss. 1980), "the credibility of witnesses is not for the reviewing court." Id. at 1278.

II.

FAILURE TO GRANT A CONTINUANCE.
The appellant's second assignment of error alleges that the trial court refused to grant his counsel sufficient time to prepare his case. Trial was initially set for July 31, 1984; however, on July 30, 1984, Pool's appointed counsel moved for a continuance. The motion cites several reasons for the necessity of more time and requests a continuance "until the next regular term of this court... ." During the pretrial proceeding, the trial judge continued the case until the last week of the July term.
The record shows that this case was tried on August 6, 1984, apparently without objection from the appellant or a request for an additional continuance. Furthermore, the failure to grant a further continuance was not cited as grounds for relief in the motion for a new trial.
Miss. Code Ann. § 99-15-29 (1972) provides that:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done.
... .

No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom. (emphasis added)
This statute was interpreted, in McFadden v. State, 408 So.2d 476 (Miss. 1981), as differentiating between continuances sought to procure absent witnesses and continuances sought to enable an attorney to prepare his case. Quoting from Barnes v. State, 249 So.2d 383, 384 (Miss. 1971), the Court said:
The application for continuance upon the ground that the attorney for the defendant has not had a reasonable time to prepare for trial is different from an application for continuance on the ground that there is an absent witness. When a witness is absent the movant must continue his effort to obtain the witness after having filed the motion required by Section 1520 Mississippi Code 1942 Annotated (1956). See: King v. State, 251 Miss. 161, 168 So.2d 637 (1964). On the other hand, a motion for continuance upon the ground that an attorney has not had sufficient time to prepare for trial is subject to proof and also as to facts as they may appear from that which is known to the trial court.
408 So.2d at 479. In McFadden, the defendant sought a continuance on grounds that the public defender had not had time to prepare his case. However, no proof was offered as to his workload. The Court upheld the lower court's denial of the continuance, since "the affidavit for continuance failed to comply with statutory requirements." 408 So.2d at 478-79.
In this case, Pool's motion for a continuance cited that: 1) his attorney had been diligently preparing his case since his appointment; 2) that there were only eight days from arraignment until August 2, 1984, the date set for trial upon request of the district attorney; 3) that many of the witnesses to be interviewed resided in an *336 adjoining county; 4) that the continuance would not work to the detriment of the State; 5) that the defendant had been in jail since November 4, 1983, in Hattiesburg; and 6) that an affidavit by an attorney (Dan Wise) who represented Pool in another case was attached. The affidavit from Wise indicated that he was unable to undertake representation of Pool on August 2, 1984, because he would have inadequate time to prepare.
Pool's motion failed to meet the procedural requirements enunciated in § 99-15-29. Pool did not set forth the facts to be proved by the absent witness, nor did he offer any proof as to his attorney's workload. Even if Pool could get over this procedural hurdle, the long-standing rule is that trial judges have great discretion in granting or denying continuances. Carter v. State, 473 So.2d 471 (Miss. 1985); McClendon v. State, 335 So.2d 887 (Miss. 1976); Gatlin v. State, 219 Miss. 167, 68 So.2d 291 (1953). That discretion must have been abused before this Court will overturn the failure to grant a continuance. The fact that the judge did continue the case until the last week of the term would indicate that there was no abuse of discretion.
Pool's attorney requested a continuance to the next term of court. In Gooch v. State, 384 So.2d 74 (Miss. 1980), cert. denied 450 U.S. 923, 101 S.Ct. 1374, 67 L.Ed.2d 352 (1981), the defendant requested a continuance until the next term of court, under Miss. Code Ann. § 11-1-9 (Supp. 1979), on grounds that his attorney was a member of the legislature. The trial judge continued the case until the day following the adjournment of the legislature. The court there held,
The statute does not require that a continuance granted thereunder shall be to a subsequent term of court and does not require a continuance of any definite duration. In the absence of controlling statutory provisions, the length of time for which a continuance may be granted rests within the sound discretion of the trial court.
Id. at 76.
Finally, Pool is procedurally barred from raising this issue on appeal, as it was not listed as grounds in his motion for a new trial.
The denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground, making the necessary proof to substantiate the motion.
Colson v. Sims, 220 So.2d 345, 347, n. 1 (Miss. 1969); see also Jackson v. State, 423 So.2d 129 (Miss. 1982).

III.

CONSTRUCTIVE POSSESSION.
Pool asserts, next, that his motion for a directed verdict should have been sustained because the State did not prove "that the appellant had actual possession of the drugs introduced into evidence and failed to prove knowledge and control of this evidence by the appellant."
The theory of constructive possession has been explained, in Curry v. State, 249 So.2d 414 (Miss. 1971), as follows:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Id. at 416. The theory was further defined in Hamburg v. State, 248 So.2d 430 (Miss. 1971), that "one who is the owner in possession of the premises ... is presumed to be in constructive possession of the articles found in or on the property possessed." Id. at 432. This presumption is rebuttable, however, and does not relieve the State of *337 its burden to prove guilt beyond a reasonable doubt. Id. Thus, "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978). See also Keys v. State, 478 So.2d 266, 268 (Miss. 1985).
In this case, the drugs in question were found in a trailer admittedly owned by Pool. He also admitted that the bedroom in which the drugs were found was his, and this admission was corroborated by Strickland. Both Strickland and Steverson testified that the drugs found were Pool's half of drugs previously obtained by Pool and Steverson. Not only does this testimony suffice to show constructive possession, it approaches a showing of actual possession. The only evidence which Pool offered to rebut this testimony was the testimony of Dan Wise, which was intended to impeach Steverson. This evidence was insufficient to sustain a motion for a directed verdict.

IV.

EXCLUSION OF HEARSAY TESTIMONY.
Pool's last assignment of error is that the trial court should not have restricted or limited the testimony of Dan Wise. The court's ruling after the proffer of testimony indicates that it was based on the fact that the testimony was inadmissible hearsay, unless offered for purpose of impeachment. Since Steverson did not deny the statement which he purportedly made to Wise, the court reasoned, impeachment was improper.
As the Mississippi Supreme Court has held:
If the witness confesses or admits having made the prior inconsistent statements, ordinarily there is no necessity for further proof, as by the admission of the prior inconsistent written statement.
Hall v. State, 250 Miss. 253, 264, 165 So.2d 345, 350 (1964). In this case Steverson did not admit the statement to Wise, he merely did not deny it. Therefore, the testimony of Wise was necessary for impeachment of Steverson, and should have been admitted.
In Barnes v. State, 460 So.2d 126 (Miss. 1984), the Court found that testimony excluded by the trial court was not hearsay. After determining that the testimony was admissible, Justice Robertson went further to consider the effect of its exclusion. This reiterates the holding of Knight v. State, 248 Miss. 850, 161 So.2d 521 (1964), that "the admission or exclusion of evidence must result in prejudice and harm, if a cause is to be reversed on that account." 248 Miss. at 856, 161 So.2d at 522. The question in the present case, then becomes whether the exclusion of Wise's testimony prejudiced Pool.
Steverson testified at trial that he told several people that Pool was not involved with the drugs. According to Steverson, he told that story after Pool promised to help lighten his sentence. He also admitted that he told several people that he set Pool up, and admitted that he had made several prior statements that were lies. Finally, he admitted that drug charges against him had been nolle prossed in return for his testimony. While Wise's statements should have been admitted, it is clear that Pool's attorney got all of the mileage he could out of Steverson's inconsistent statements. The jury was aware that Steverson's story had changed several times, and Wise's testimony would have been merely cumulative. No reversible error was committed in excluding it.
We therefore affirm John V. Pool's conviction and sentence.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.